THE MERCHANTS' BANK OF CANADA v. ALBERT R. SCHULEN-
BURG, IMPLEADED WITH GEORGE CAMPBELL.

*Res adjudicata—Parol evidence in action on judgment.*

Parol evidence is admissible, in an action on a judgment, to show what facts were presented to and passed upon by the court which rendered it; so *held*, where the plea gave notice that there had been an agreement between the parties that the judgment should not operate as a merger or estoppel.

Error to Wayne.    Submitted Jan. 17.    Decided Apr. 12.

ASSUMPSIT.    Defendant brings error.    Reversed.

*John J. Speed* and *Wisner & Speed* for appellant.

*Moore, Canfield & Warner* for appellee.

MARSTON, J.    The bank declared upon a judgment recovered by it in the court of Queen's Bench in Canada against the defendant below and George Campbell.    Schulenburg pleaded the general issue and gave notice therewith, among other things, that at the time of the entry of the verdict and judgment against the defendants set forth in the plaintiff's declaration, it was agreed between the plaintiff and defendants, and the same was entered of record in that court, that the said judgment should not act as an estoppel on any party, or as a merger, and that the defendants should have leave to bring any action or file any bill they might think proper against the bank.

Upon the trial of the present case, the offer to prove such an agreement was made, that it was verbal, and was entered in writing at the time upon the notes of the judge who presided at the trial of said cause in the Queen's Bench.    This offer was objected to and excluded, upon the ground that it was immaterial and irrelevant, and that it was incompetent in this suit to retry the same matters which the records and files showed had been tried and adjudicated in the Canadian court.

It appears from the pleadings in the court of Queen's Bench that the action was brought to recover upon certain promissory notes, to which a number of defences, both legal and equitable, were interposed. The judge's minutes of the oral agreement referred to, as offered in evidence, were as follows:

"*Merchants' Bank of Canada v. Campbell & Schulenburg.*

Bank action, June 21, 1878.

*McCarthy* for defendant.

Pleas set up that bank sold timber at a large sacrifice, so that bank is really indebted to the defendants.

Another plea that a settlement had between the parties. Plaintiff to release, defendants to give up certain properties; asks specific performance.

Campbell, leading man of firm, but he is so ill he cannot travel; a doctor's certificate to that effect; an affidavit of Schulenburg that Campbell is a necessary witness; an affidavit of Dougall, the attorney, will be produced, etc., and that application not made for delay.

Another reason, that another suit between the parties, and a commission issued to take evidence of Dobbell, who has gone to England, etc. No evidence of this.

*Bethune* for plaintiff.

Application not made in good faith. Reads judgment of chancellor in a suit tried before him at Windsor when Campbell was examined. Delay a very serious matter to plaintiffs. Defendants drifting into bankruptcy. No effort made by defendants to examine the witnesses whose evidence was used as a reason for not going to trial at London.

*McCarthy* in reply.

I did not think it a matter to be postponed indefinitely, and that I would hear case this day week. Campbell to be examined on commission in meantime, etc. When Bethune, for plaintiffs, proposes to take a verdict against defendants for $250,000, part of the claim, on the notes mentioned first in the declaration, first five counts, and all the other counts and defenses struck out of the record except the denial of the making of these notes, not abandoning rest of claim. Defendants to have leave to bring any action or file any bill they may think proper against the bank. This judgment not to act as an estoppel on any party or as a merger, and an immediate execution.

Defendants accept the proposal. Verdict accordingly."

If we may draw the inferences from this memorandum kept by the judge who presided on that trial, it would seem that a continuance of the case was asked for because of the absence of one of the defendants—a material witness who was unable to travel on account of sickness—that this application was opposed because of the danger of loss to the bank from anticipated bankruptcy proceedings; and that upon a continuance or postponement of the trial for one week being intimated, counsel for the bank proposed to take a verdict for a part of the claim, but without abandoning the rest, the defendants to have the right to bring any action against the bank they pleased, this judgment for a part not to operate as an estoppel or merger, and that an immediate execution should issue. In other words, the primary object would seem to have been to secure at least a part of the plaintiff's claim, by a levy before bankruptcy proceedings could be commenced against the defendants.

If the agreement thus entered into is now of no force, and cannot be considered for any purpose, the result will be that the bank may be in danger of losing that part of its claim not included in the judgment; and the defendants will be unable to maintain any action against the bank, touching matters put in issue in that case, and thus gross injustice to one or both parties be the result.

Unless some rigid rule of law prevents, it would seem to be but simple justice to admit evidence for the purpose of showing what was actually passed upon and determined by the judgment of the court; and that an agreement thus entered into between counsel in open court on the trial of the cause, and sanctioned by the court, should not be excluded or set at naught thereafter.

In *Philips v. Hunter* 2 H. Bl. 410, where it was sought to enforce a foreign judgment as a cause of action, it was held it would be treated as matter *prima facie* sufficient to raise a promise, and this has been followed in many other cases which are referred to in Freeman on Judgments § 592.

Whether this rule should be followed or not, when a judgment is sought to be enforced in a court of law parol

evidence is competent and admissible to show what facts were presented to and passed upon by the court in that case.

Indeed from the very nature and form of the pleadings such evidence must be admissible, else in very many cases it would be impossible to ascertain the matter in controversy and adjudicated in a former case. And not only in cases where the record does not clearly show the matters in dispute, but also where upon the whole record it remains doubtful whether the same subject-matter was actually passed upon, and in cases where several distinct matters were in issue, and the judgment does not clearly and necessarily cover and embrace all, in such cases parol evidence is admissible. Thus it may be shown that the plaintiff withdrew or abandoned a part of his claim, or that the defendant abandoned some particular matter he had set up in defense, as a set-off or recoupment, preferring to bring an independent action thereon. In such case it would thus be made to appear that upon such matters there had been no adjudication; that no evidence touching thereon had been introduced; that the court had not considered or passed upon any such questions and that there had been no adjudication thereon. 1 Greenl. Ev. § 531 and notes; Freeman on Judgments § 273; Bigelow on Estoppel 29.

It is very clear from an inspection of the record of the court of Queen's Bench that the plaintiff did not recover a judgment for the full amount of its claim. For what reason, the record does not show; whether evidence was introduced on both sides, and the court therefrom found that a part of the notes sued upon were not made by the defendants as set up in their first plea, or that a part of them had been satisfied and discharged as set up in the second plea, or that all were valid, and that set-off existed as to part and was allowed, we have no means of knowing. For the purpose of showing what was submitted to the court, passed upon and determined by the judgment of the court, the evidence offered was admissible. Beyond this we need not go in the present case, as the only question raised in the present record relates to the rejection of the evidence offered

of the agreement made. What the defendant may desire to prove in addition to this we have no clear means of knowing, and it is not advisable to anticipate questions that may not arise.

The judgment will be reversed with costs and a new trial ordered.

The other Justices concurred.