CHARLES S. BLACK v. JOHN H. MILLER.

*Fraud and deceit—Bar—Statute of limitations—Facts found—Judgment—Evidence—Election of remedy.*

1. If the facts found entitle a party to a judgment, the giving of *wrong* reasons for reaching that result is immaterial.

2. Oral evidence, not inconsistent with or contradictory of the record, is admissible to show what was litigated, and the grounds of the decision.

So *held*, where a judge was permitted to identify the parties and the cause of action in a case tried before him, on the trial of a second suit between the same parties, and to testify as to *what* matters were litigated and adjudicated in the *first* suit, for the purpose of ascertaining if the same subject-matter was then actually passed upon as was involved in the *second* suit.

3. A judgment for a defendant in a suit on a promissory note is not a bar to an action for fraud and deceit practiced on the plaintiff by said defendant to induce the purchase of the note.

4. By electing to pursue one of two *inconsistent* remedies, the plaintiff is precluded from resorting to the other. *Button v. Trader, ante,* 295.

5. Statements by the survivor of two joint and several makers of a promissory note, upon which payments had been made by the *deceased* sufficient to bar the operation of the statute of limitations as to *his* estate, made to a proposed purchaser of the paper, to the effect that it was as good a note as he could make, and that it would be all right to purchase it, as he intended to pay it, the payor being ignorant of his statutory defense, are insufficient to warrant a recovery by the purchaser for fraud and deceit in inducing such purchase, he having been defeated in a suit on the note against said payor by the plea of the statute of limitations.

Error to Berrien. (O'Hara, J.) Argued April 16, 1889. Decided June 21, 1889.

Case for fraud and deceit in inducing plaintiff to purchase a note. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Edward Bacon*, for appellant.

*J. J. Van Riper*, for defendant.

LONG, J. It appears that on January 8, 1875, defendant and J. H. Kingery executed a promissory note for $370, with interest at 10 per cent., payable to Almira Post or bearer two years after date.

On May 1, 1885, plaintiff purchased the note for $225, at which time the note bore 15 separate indorsements of money paid, the last indorsement showing a payment of $30 on May 2, 1884. These payments were made by Mr. Kingery in his life-time, without the knowledge of defendant. Defendant made no payments thereon, nor did any other act which prevented the running of the statute of limitations against the note so far as he is concerned.

At the time plaintiff purchased the note, Kingery was dead and his estate insolvent.

Mrs. Post, the payee, applied to plaintiff on May 1, 1885, to purchase the note, which he agreed to do if defendant should first assure him that the note was good, and he would

pay it. With this understanding plaintiff and Mrs. Post proceeded to the house of defendant. When they arrived there plaintiff alighted from his buggy, leaving Mrs. Post in charge of the horse, and, finding the defendant, informed him that he had been solicited to purchase the note, but that he did not desire or intend to take it unless the defendant said it was all right, and agreed to pay it. Defendant assured him that it was as good a note as he could make, and that it would be all right for plaintiff to purchase it. At plaintiff's request, defendant accompanied him to where Mrs. Post was waiting, and defendant again assured plaintiff, in presence of Mrs. Post, that the note was all right, was just as good a note as he could make, and he intended to pay it.

Defendant declined, however, to make a new note, when they requested him so to do, alleging that he had reason to believe that Kingery's son had money, and that he ought to pay part of the note, which he could not expect him to do if the old note was canceled. Defendant also declined to pay any money on the note that day, for the reason that he had none available. He agreed to see what he could do with Kingery's son, after which he would see plaintiff, and fix the matter up.

Plaintiff paid Mrs. Post $225 for the note, she agreeing to refund him whatever amount the same might be in excess of the fair value of the note. At this time there was only unpaid on the note about $155.

Plaintiff purchased the note in reliance upon the defendant's verbal statements above, and belief in his ability to pay it, and was ignorant at this time of defendant's never having made any of the payments indorsed on the note, and believed that defendant was liable for its payment.

Defendant failed to call upon plaintiff as he had agreed, and when seen in reference to the matter he informed plaintiff that he had been advised by an attorney not to do so, as he was not liable on the note.

On August 12, 1885, plaintiff sued defendant in justice's court on the common counts in assumpsit, and gave notice that he would give in evidence the note in question. Plaintiff recovered judgment, though the statute of limitations was pleaded. An appeal was taken to the circuit court, and on November 9, 1885, the court, before whom the cause was tried without a jury, gave judgment for the defendant. No further proceedings were had in that cause.

In February, 1888, this suit was commenced, in which it is claimed substantially that the defendant fraudulently and deceitfully induced the plaintiff to purchase the note in controversy, and that the plaintiff purchased the same relying upon the statements and representations so fraudulently and deceitfully made.

The defendant pleaded the statute of limitations, and gave notice of this former suit in bar to the action.

This cause was tried before the court without a jury, and the court found the facts substantially as above stated.

It appears that Judge Smith, before whom the former case in assumpsit was tried, did not file any findings, not having been requested to do so; but it appears from his deposition, which was taken and read in the present case, that his decision was based entirely upon the undisputed facts appearing in that case, that the defendant had never made any of the payments indorsed on the note, and the utter absence of any written acknowledgment or promise by the defendant to pay the note, although it had been due for more than six years before the commencement of suit.

Upon the foregoing facts found by the court in the present case judgment was entered for the defendant; the court concluding, as matter of law, that while the former suit upon the note was not a bar to the present action, and that the statute of limitations could not aid the defense, yet no representations were made by the defendant to the plaintiff, upon which he had relied, as an inducement to the purchase of

the note, which in law constituted such a case as entitled the plaintiff to maintain the action for fraud and deceit. Defendant's counsel contends that the judgment was properly entered for the defendant for the reasons:

1. That the action is barred by the statute of limitations.
2. That the action is barred by the former suit.
3. That the court was not in error in its conclusion of law that no actionable fraud and deceit had been proven.

The contention of plaintiff's counsel is that the court erred—

1. In disregarding all liability of defendant by the suppression of the truth and by false suggestions.
2. In not holding the defendant estopped from having the benefit of any claim that he did not know of his defense under the statute of limitations.
3. In excusing the defendant, because of supposed honesty, from all liability; the court at the same time finding the defendant guilty of an untruth under oath in testifying: "I told them the note was outlawed; told them both that the note was outlawed."

If any one of the positions taken by defendant's counsel is correct, the judgment in the present case must be affirmed. It does not matter that the court below may have erred in its conclusions of law if the right result is reached. If the judgment should have been entered for the defendant under the facts found, it cannot matter that the court below may have given the wrong reason for reaching that result.

The former suit was brought to recover upon this identical note, and was between the same parties. A trial was had in justice's court, where plaintiff prevailed, and on appeal to the circuit the defendant, after a trial, had judgment in his favor. This action was in assumpsit upon the common counts, with notice that the note would be given in evidence. Defendant pleaded the statute of limitations. The cause was tried by the court without a jury. No written findings were made, and it does not appear from the record itself upon what ground defendant had judgment.

Defendant was permitted to show, by the circuit judge before whom the cause was tried, that his decision was based entirely upon the undisputed fact that the defendant had never made any of the payments indorsed upon the note, and the utter absence of any written acknowledgment or promise by the defendant to pay the note, although it had been due for more than six years before the commencement of suit. The trial court in considering this case, however, eliminated that part of the proofs, and refused to consider it.

Oral evidence is not admissible to contradict the record, but such evidence, not inconsistent with the record, is admissible to show what was litigated, and the ground of the decision. *White v. Madison*, 26 N. Y. 117. If this were not so, in very many cases it would be impossible to ascertain the matters in controversy and adjudicated in a former case. The evidence of the trial judge was competent for the purpose of identifying the parties and the cause of action, what matters were in litigation and adjudicated, as well as to ascertain whether the same subject-matter was actually passed upon as then in litigation in the present suit. *Merchants' Bank v. Schulenburg*, 48 Mich. 105 (11 N. W. Rep. 826); Freem. Judgm. § 273; 1 Greenl. Ev. § 531, and notes; Bigelow, Estop. 29; Abb. Tr. Ev. 832.

The action in the former suit was in assumpsit upon the note, and the right of recovery was dependent, under the plea of the statute of limitations, on whether any of these payments were made by the defendant, or any written promise or acknowledgment to pay the same was given by him, to bring it out of the bar of the statute. It is apparent that no such proofs were made, and the statute barred the recovery.

In the present case, however, the claim of recovery is upon matter arising in the year 1885, at the time the plaintiff purchased the note, and, if the plaintiff had a right of recovery, it is apparent such right is not affected by the statute. The

claim of recovery is for the same sum of money,—the principal and interest due on that identical note. It is between the same parties. The plaintiff attempted to recover, first, in an action of assumpsit, and was met by the statute, which proved to be a bar. Plaintiff commenced *de novo* to recover these identical moneys in an action for fraud and deceit. It is apparent that these actions were not for the same cause, but for entirely different and distinct causes, and the doctrine of pleading a former suit in bar has no application to the case.

But was there an election of remedies by the bringing of the first suit, so that the plaintiff is estopped from maintaining this action? It is well settled that a man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again. *Thompson v. Howard*, 31 Mich. 311; *Rodermund v. Clark*, 46 N. Y. 354; *Morris v. Rexford*, 18 Id. 556.

The plaintiff knew at the time of the commencement of the first suit that the defendant denied all liability upon the note; that he had counseled with an attorney, who had advised him he was not liable upon it, he not having made any of the payments indorsed upon it, and more than six years having elapsed from the time it became due. These facts were all known to the plaintiff at that time, as well as the facts upon which he now relies for a recovery,—the fraud and the deceit of the defendant, if such existed. He knew all the facts and circumstances surrounding the transaction as well then as at the time of the commencement of the second suit. He made his choice of remedies, and while it is true one may not be entirely inconsistent with the other, yet the policy of the law is to estop parties from pursuing some

other mode of redress after having elected their remedy, that there may be an end of litigation.

The rights of the parties, however, are so well settled by our views upon the other branch of the case, that we express no opinion upon this question.

The court below very properly held that the facts found did not warrant the consideration that any actionable wrong had been committed. The only representation made by the defendant, as found by the court below, was that when the plaintiff found the defendant, and informed him that he had been solicited to purchase the note in question, but did not desire nor intend to take it unless the defendant would say it was all right and agree to pay it, defendant assured him it was as good a note as he could make, and that it would be all right for plaintiff to purchase it, and at plaintiff's request he accompanied him to Mrs. Post, and again made the same representations, and agreed to pay it.

It is apparent that the defendant thought at that time he was legally liable upon the note, and evidently intended to pay it, though he insisted that the son of the deceased maker ought to pay one-half of it, and told the plaintiff he would see him, and see what he would do about it. The plaintiff sought the defendant out to make the inquiry. The note bore the indorsements, and upon inquiry from Mrs. Post the plaintiff could readily have learned that the payments were made by the deceased maker of the note, and not by the defendant. There was no fact concealed, no suppression of truth or false suggestion. There was no representation of a fact which did not exist, and upon which plaintiff relied in making the purchase. He was told by the defendant that he intended to pay the note; that it was as good a note as he could make.

He was not then legally liable to pay it, and his promise at that time to pay it would not take it out of the statute. It was not made in writing. As is well stated by defendant's counsel,—

"If he had stated that he made the payments that kept the note alive, when in fact they were made by Kingery, the deceased maker, it would have been a false representation, which would have estopped him from claiming the benefit of the statute, and made him liable, if the plaintiff had made the purchase in reliance upon the statement."

The plaintiff at the time of the purchase did not seem entirely satisfied that the note would be paid, but urged upon the defendant the giving of a new note, which defendant declined to do; saying he wanted to see Mr. Kingery's son, and if he would pay half he would pay the balance. In fact, the parties seem to have separated on that occasion with the understanding that defendant would see Kingery's son, and advise plaintiff what would be done. The defendant, being advised then that he was not legally liable on the note, at once advised the plaintiff of that fact, and declined to pay it.

The representations made amount to no more than a declaration which appears to have been made by defendant in good faith, in the full belief that the note was all right, and that he was legally liable upon it, and would therefore pay it, but that he wanted Kingery's son to pay half of it, and would see him, and advise the plaintiff.

He made no representation that he had no defense to the note; neither did he make any representations as to any matters of fact which were peculiarly within his own knowledge, and not within the knowledge of the plaintiff. The note was not produced there, and no inquiry was made about the indorsements, or who made the payments.

This case, upon the facts found by the trial court, does not come within the ruling in the cases cited by plaintiff's counsel.

We find no error in the record, and the judgment of the court below must be affirmed, with costs.

The other Justices concurred.