FRANK ROBERTS v. JOHN McGUR.

82 221
97 461

*Execution — Exemptions — Purchase price — Notice — Constitutional
law.*

Act No. 159, Laws of 1885 (amendatory of How. Stat. § 7716), sub-
jecting certain *exempt* personal property to execution issued
on a judgment for the purchase money, and avoiding a sale
made after the commencement of a suit in which such a judg-
ment is rendered if a notice is filed with the clerk of the city,
village, or township in which the owner of the property
resides, stating the time of its commencement, and its object,
and describing the property, etc., is construed as follows:

*a*—The statute does not *create* a lien upon the property, but
applies to the remedy for the recovery of the purchase money
for which it was sold.

*b*—The provision permitting notice to be filed after suit is
commenced is analogous to a *lis pendens* filed in other cases,
and is designed to protect and preserve the *status* of the prop-
erty pending suit.

*c*—There is no reason why the statute should not apply to
the remedy in cases where security (in this case an indorse-
ment of the note taken for the purchase price) is taken as well
as where it *is* not.

*d*—No reason is seen for declaring the statute unconstitu-
tional.

*Error to Delta.* (Steere, J.) Argued June 27, 1890.
Decided August 1, 1890.

Replevin. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*J. H. Clark* (*John Power*, of counsel), for appellant,
contended:

1. As Adams took Johnson's note with a *responsible* surety, he
waived his lien, or his right to follow the property into the
hands of a third person with an execution.

2. While Act No. 159, Laws of 1885, does not expressly state that
the vendor shall have a lien, yet it gives him an interest in

the property in the nature of a lien, and which he may waive the same as a lien.

3. The principle is established that taking a note with security is *prima facie* evidence that any lien that existed, at common law or by statute, is waived.

4. In support of the proposition that the taking of the note, with a surety, in this case was a waiver of any lien or claim of the vendor under the statute in question, counsel cited *Fonda v. Jones*, 2 Am. Rep. 669; *Willis v. Gay*, 26 Id. 328; *Marshall v. Christmas*, 39 Am. Dec. 199; *Conover v. Warren*, 41 Id. 196; *Clower v. Rawlings*, 47 Id. 108; *Follett v. Reese*, 55 Id. 472; *Minis v. Lockett*, 68 Id. 521; *Dibblee v. Mitchell*, 77 Id. 99; *Baum v. Grigsby*, 81 Id. 153; *Richards v. Leaming*, Id. 239; *Harvey v. Kelly*, 93 Id. 267; *Tyler v. Lumber Co.*, 78 Mich. 81; *Boom Co. v. Sanborn*, 36 Id. 358; *Hutchins v. Olcutt*, 4 Vt. 549.

5. It was, at least, a question for the jury whether the note was taken in payment of the purchase money; citing *Upton v. Paxton*, 72 Iowa, 295; and the note being conceded to be good and collectible, and $100 having been paid, it is at least *prima facie* evidence of payment, and of a waiver of the vendor's lien.

6. The plaintiff sued on the note, declaring on it, orally, as given in payment for the property purchased. The justice's certificate cuts no figure, as the suit was not brought for the purchase price, and in so suing Adams treated the note as payment, and precluded himself from following the property for the purchase money; citing *Hanson v. Donkersley*, 37 Mich. 184.

*F. D. Mead*, for defendant, contended for the doctrine stated in the opinion.

CHAMPLIN, C. J. The plaintiff brought replevin for a span of horses, harness, whiffletrees, and neck-yoke.

Defendant claims title to the property by virtue of an execution sale made about July 30, 1889, in the suit of *Adams v. Johnson*. Plaintiff claimed them by virtue of a *bona fide* sale from Johnson to him about July 15, 1889.

There is no conflict in the facts, which are substantially as follows: One Robert Adams sold to Archie Johnson one span of horses, one pair of bob-sleighs, one set of

double harness, one set of whiffletrees, and one neck-yoke, and took Johnson's note, with John Sexton as surety, in payment, for $340, due in six months from date. At the time of the sale of this property Johnson was considered by Adams to be irresponsible, but Sexton was responsible, and so considered by Adams. The note was dated November 1, 1888, and was due in six months, and was in form the joint and several note of Johnson and Sexton. On May 8, 1889, Sexton paid $100 to Adams upon the note, and the amount was indorsed thereon. July 11, 1889, Adams brought suit before one Squires, a justice of the peace, to recover the balance due upon this note. Service was had upon defendant, Archie Johnson. Upon the return-day, which was July 19, the plaintiff declared orally in *assumpsit* on a certain promissory note given by defendant, and indorsed by John Sexton, for the payment of the span of horses bought by defendant of plaintiff, and claimed damages, $243.16. The defendant filed no plea, and stated he had no defense. The suit was tried, and resulted in a judgment in favor of plaintiff; and after the rendition of judgment the court certified upon its docket as follows:

"I further certify and say that the above judgment was rendered for the purchase money due said plaintiff from the defendant for the following described goods and chattels: One bay horse nine years old, white spot in forehead, called 'Fred;' one bay horse thirteen years old, white face, white hind-foot, called 'Bill;' one set of whiffletrees; one set of double harness; and one set of heavy bob-sleighs,—which judgment was rendered by me July 19, 1889."

Execution was issued on this judgment on July 25, and levied upon the same property, which was sold to the defendant at constable's sale. At the time of commencing this suit Adams filed in the office of the clerk of

the township where the parties resided a notice of which the following is a copy:

"Notice is hereby given that I, Robert Adams, of the township of Garden, Delta county, Michigan, have this day commenced an action before H. G. Squires, Esq., a justice of the peace in and for said county, against Archie Johnson for the recovery of the sum of $242.84, due me from the said Archie Johnson; that said suit is brought to recover the same amount as purchase money of the following described property, to wit: One bay horse about thirteen years old, white face, one white hind-foot, called 'Bill;' one bay horse about nine years old, small white spot in forehead, called 'Fred;' one set of double harness; one set of whiffletrees and eveners; one neck-yoke; one pair of lumbering bob-sleighs,—purchased from me by Archie Johnson, defendant in said action.

"Dated this 11th day of July, 1889.

"ROBERT ADAMS."

On July 15, 1889, Archie Johnson executed a bill of sale of this property to the plaintiff, Frank Roberts, for which he claims to have paid $150. After the sale of the property upon the execution he made demand upon McGur for the delivery of the same to him, and, upon his refusal to do so, brought this action of replevin.

Two questions are raised by the plaintiff and appellant. The *first* is that when the sale was made by Adams to Johnson of this property he received therefor from Johnson his note, with Sexton as surety, and that hence section 2, Act No. 159, Laws of 1885, does not apply to such a case, but only applies to cases where no security is taken; and, *second*, that if it does apply, the act itself is unconstitutional. The section referred to reads as follows:

"The property exempted in the subdivision of which this act is amendatory shall not be exempt from any execution issued upon a judgment rendered for the purchase money for the same property; and any sale of such prop-

erty, after the commencement of a suit to recover the purchase price thereof, and the filing of the notice hereinafter required, shall be null and void as against such an execution: *Provided,* The plaintiff in any suit shall file, or cause to be filed, with the clerk of the city, village, or township in which the owner of such property resides, a notice in which he shall state the time when such suit was commenced; the amount claimed to be due; that the suit is brought to recover the purchase money for the property; a description of the property sought to be reached; and the name of the defendant."

This section (How. Stat. § 7716), as it originally stood, was enacted in 1849, and it provided that—

" The property exempted in the subdivision of which this act is amendatory, excepting mechanical tools and implements of husbandry, shall not be exempt from any execution issued upon a judgment rendered for the purchase money of the same property."

The statute does not create a lien upon the property sold, but it applies to the remedy for the recovery of the purchase money for which the same was sold. The provision permitting notice to be filed after suit is commenced is analogous to a *lis pendens* in other cases, and was designed to protect and preserve the *status* of the property pending suit. There is no reason why the statute should not apply to the remedy in cases where security is taken as well as where it is not. Certainly in this case it inures to the benefit of the surety, and he is a favorite in the law. There is no reason why the surety should be made to pay the purchase money, instead of the purchaser, by subjecting the property to execution.

We think the court was right in its construction of the statute, and that the judgment should be affirmed. We see no reason for declaring the statute unconstitutional.

The other Justices concurred.