## AMELIA LILLIBRIDGE v. WILLIAM P. WALSH.

*Exemptions—Judgment for purchase money—Execution—Fraudulent conveyances.*

3 How. Stat. § 7716, which subjects certain exempt personal property to execution issued on a judgment for the purchase money, and avoids any sale by the vendee made after the commencement of the suit in which such judgment is rendered, provided the vendor files a notice with the clerk of the city, village, or township in which the vendee resides, stating the time when the suit was commenced and its object, and giving a description of the property and the name of the defendant, is construed as follows:

   *a*—The vendee's right of alienation is not affected until the statutory notice is filed; citing *Roberts v. McGur*, 82 Mich. 221.

   *b*—The effect of the statute is to take the property out of the class of exempt property entirely, so far as the remedy of the vendor to collect the purchase price is concerned, and he may follow it into the hands of a fraudulent transferee, and subject it to the satisfaction of his judgment.

   *c*—The statute does not, in terms, require that the judgment shall recite that the recovery is for purchase money, and that question may be litigated whenever it arises, as between the parties or their privies.

Error to Kent.    (Adsit, J.)    Submitted on briefs October 25, 1893.    Decided November 10, 1893.

Replevin.    Defendant brings error.    Reversed.    The facts are stated in the opinion.

*Frank A. Rodgers,* for appellant.

*Ward & Ward,* for plaintiff.

MONTGOMERY, J. This is replevin for a team of horses. The plaintiff derived title by virtue of a bill of sale from her husband, Thomas Lillibridge. The defendant justified under an execution issued upon a judgment recovered by Chauncey A. Lillibridge against Thomas. Plaintiff prevailed, and defendant appeals.

Defendant claimed below that the transfer from Thomas to his wife was fraudulent as against the judgment creditor whom he represented; and also, inasmuch as the execution was issued on a judgment recovered for the purchase money of the horses in question, and as the plaintiff knew the fact that the purchase price was unpaid, that, as the plaintiff in execution had a remedy against the property so long as it remained in the debtor's hands, the right also exists as against one who purchases with knowledge that the creditor is pursuing the property, even though the statute relating to the procedure for reaching such property is not followed *strictly*, or even though the transfer precedes the filing of the notice required by statute. The statute (3 How. Stat. § 7716) is as follows:

"The property exempted in the subdivision of which this act is amendatory shall not be exempt from any execution issued upon a judgment rendered for the purchase money for the same property, and any sale of such property after the commencement of a suit to recover the purchase price thereof, and the filing of the notice hereinafter required, shall be null and void as against such an execution: *Provided,* the plaintiff in any suit shall file or cause to be filed with the clerk of the city, village, or township in which the owner of such property resides, a notice, in which he shall state the time when such suit was commenced, the amount claimed to be due, that the suit is brought to recover the purchase money for the property, a description of the property sought to be reached, and the name of the defendant."

We do not think the statute can be construed as restrictive of the purchaser's rights of alienation, except in case of an attempt, and after notice is given of the intention, to subject the property to the payment of a debt. See *Straus v. Rothan,* 102 Mo. 261; *Roberts v. McGur,* 82 Mich. 221; Waples, Homest. & Exemp. 910. The effect of the statute is two-fold: *First,* to render the property in the hands of the debtor subject to sale to satisfy a judgment for its purchase price; and, second, to enable the creditor, by bringing suit for the purchase price and following it with the statutory notice, to interpose and prevent a sale which shall cut off his right. But, until the creditor elects to resort to this remedy by pursuing the statute and giving the notice required, the right of the debtor to sell is precisely the same as in the case of any other property not exempt from sale on execution. It may, as we think, be further said that the transfer is subject to the same incidents. It being within the power of the creditor to subject the property in the hands of the debtor to the payment of this debt for the purchase money, it follows logically that if the debtor, for the purpose of defeating this right, fraudulently transfers the property to another to avoid the suit of his *particular* creditor, it is as much a fraud against him as would be a similar transfer of property generally subject to sale on execution a fraud upon *general* creditors.

It is contended in the brief that the creditor has not, in the present case, placed himself in a position to attack the transfer from Thomas to his wife, for the reason that the judgment against Thomas does not, on its face, show that it was rendered for the purchase price of the property; and it is insisted that, if this view be adopted, the plaintiff, upon the undisputed testimony, was entitled to recover. The circuit judge, however, permitted the defendant to show that in fact the judgment was given for the purchase price

of the property. Was this testimony competent? It is to be noted that the statute does not, in terms, require that the judgment shall recite that the recovery is for purchase money, and we can see no good reason why that question may not be litigated whenever it may arise between the parties or their privies. As already intimated above, the filing of a notice with the township clerk is not a prerequisite to the right to levy upon the property as long as it remains the property of the judgment debtor. The special steps pointed out by the statute are evidently provided for the protection of the creditor as against intervening sales, but, as against the debtor, no essential proceedings are required by the statute, the only provision being that the property shall not be exempt from an execution issued upon a judgment rendered for the purchase money for the same property. Under a statute which, so far as it relates to this question, is precisely analogous to ours, it has been held that it is competent, in a suit involving the right to levy upon property *prima facie* exempt, to show that the execution is issued upon a judgment for the purchase money, although that fact does not appear upon the judgment record. *Evans v. Orahood*, 27 Mo. App. 496. See, also, *Black v. Miller*, 75 Mich. 323.

The circuit judge construed the statute as intended to exclude the creditor from pursuing the property in the hands of any other than the judgment debtor, unless he had filed a notice of the pendency of the suit brought to recover the purchase money before the transfer of the property; and this without regard to the question of whether the transfer was in good faith or not, he stating to the jury, "The question of the good faith of the transfer to Mrs. Lillibridge is not in the case for your consideration at all." The court, in reaching this conclusion, evidently treated the proviso in the statute as qualifying the entire preceding portion of the section. We do not so construe

the statute. The proviso, we think, was intended to qualify only that portion of the statute relating to sales, and by the terms of the provision any sale, even if made in good faith, is ineffectual to pass title to the property as against the creditor after the filing of notice as required by the statute. See *Roberts v. McGur*, 82 Mich. 221. But we do not think that, by implication, it was intended that the failure to file the notice should operate as a license to the debtor to commit fraud, or that such omission should afford protection to a fraudulent vendee. On the contrary, so far as the remedy of the vendor is concerned, it is as if the property were taken out of the class of exempt property entirely. In the hands of the debtor it is subject to levy for the satisfaction of the debt. Very clearly, in the hands of a fraudulent transferee it is equally so.

In the most favorable view that can be taken of the testimony of the plaintiff upon the question of good faith, it would present a question for the jury. It is quite evident that the transfer was made for the very reason that the creditor was seeking to recover the debt, and with the purpose of defeating his efforts. The evidence of consideration was very unsatisfactory, and it might well have been found by the jury to have been grossly inadequate.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.