LINCOLN S. ROGERS AND CHARLES H. THORPE v. ALBERT H. RAYNOR AND JOHN TAYLOR.

*Partnership—Exemptions—Waiver—Common-law lien—Parties—Misjoinder.*

1. Copartners cannot join in an action of trover for their individual exemptions in the partnership property.
2. Where partners in a venture involving the publication and sale of a book deliver the paper and electrotype plates to contractors, who are to do the press work and binding, they waive their individual exemptions, and subject the books to the lien of the contractors for their labor.

Error to Wayne. (Donovan, J.) Submitted on briefs October 10, 1894. Decided November 20, 1894.

Trover. Defendants bring error. Reversed. The facts are stated in the opinion.

*Henry M. Duffield,* for appellants.

*Sloman, Moore & Duffie* (*Sloman, Groesbeck & Robinson,* of counsel), for plaintiffs.

HOOKER, J.   The plaintiffs were partners in a venture involving the publication and sale of a book. It was the principal business of Thorpe, but not of Rogers. In

furtherance of their venture, they delivered to Raynor & Taylor, copartners, a quantity of paper and electrotype plates, under a contract by which they were to do the press work for $300. Subsequently, this contract was modified so as to include the binding of the books. Raynor & Taylor performed the labor, and delivered upwards of 5,000 of the books, but retained about 500 finished volumes and some unbound sheets, and about 5 reams of the paper furnished. At this juncture, Raynor & Taylor commenced an action against the plaintiffs for the recovery of a balance of the contract price, and attached the property in their hands. Judgment being rendered in their favor for $145.62 damages and $10 costs, the property attached was sold upon execution; and the plaintiffs brought trover against Raynor & Taylor, and recovered a judgment of $250. There was evidence tending to show that the property was worth $500. This recovery was had upon the theory that plaintiff Thorpe was entitled to exemptions from the property sold.

Counsel for the appellants asserts:

1. That the plaintiffs could not properly join in an action of trover for their individual exemptions.

2. That, under the undisputed evidence, Rogers was entitled to no exemptions from this property, and was therefore an improper party to the action.

3. That the judgment recovered by defendants was for the purchase price of the property, and that such property was therefore subject to execution therefor.

4. That appellants had at least a lien upon the property for their labor, as against which no exemptions could be claimed.

It is plain that the property levied upon and sold was subject to the levy so far as any rights growing out of the partnership are concerned; and, if Rogers had no right to exemption, he has no cause of action against the appellants, for they have invaded no legal right of his. It is equally clear that he has no right to complain of their

denial of Thorpe's right to exemptions, for he has no interest in the property, all of his interest having passed to the appellants by the sale. One who has no interest in or right to the property is not a proper party to an action at law for its recovery, and parties who have no joint interest cannot join as parties plaintiff. While it is true that in the case of *Skinner v. Shannon*, 44 Mich. 86, several partners recovered their exemptions in a joint action of trover, the question of misjoinder appears not to have been raised. In the case of *McCoy v. Brennan*, 61 Mich. 362, it is expressly held that copartners of one bringing trover for exemptions are not necessary parties, and the obvious fact that the right to exemption is individual is asserted. See, also, *Russell v. Lennon*, 39 Wis. 570. We think the misjoinder is plain, and it is well settled that a misjoinder of plaintiffs is fatal. 1 Saund. Pl. & Ev. 11.

By attaching this property, the appellants have shown that they considered this property to be owned by the plaintiffs. As such, they put labor upon and other material with it, and had a lien upon it as against the firm, and have proceeded to avail themselves of it by judgment and execution. Unless it can be said that the lien must give way to the exemption, they obtained a valid title by the purchase, so far as appears from the record. If this property is to be held to be exempt, it must be under the eighth subdivision of the statute. How. Stat. § 7686. Together with a large quantity of similar property, it was delivered to the appellants for the purpose mentioned. Before it was to be used for the purposes of trade, appellant's labor upon it was necessary. Under well-settled rules of law, a lien attached for this labor, and there is no reason for supposing that it was not so understood and intended. Indeed, the record shows that the labor was to be paid for when the books were delivered. If an intention to create a lien was necessary, this testimony implies

it, and there is nothing to contradict it. By the provisions of the ninth subdivision of section 7686 of Howell's Statutes, certain liens upon exempt property are void; but the property mentioned in the eighth subdivision, under which this property is claimed to be exempt, is expressly excepted. We think that, when the plaintiffs made this contract with appellants, they waived their exemptions, and subjected the property to the lien of appellants for their labor.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.