AMELIA LILLIBRIDGE v. WILLIAM P. WALSH.

[See 97 Mich. 459.]

*Exemptions—Execution for purchase price—Fraudulent conveyances—Notice.*

1. Property otherwise exempt from execution, but subject thereto under 3 How. Stat. § 7716, for the purchase price, may be seized in the hands of third persons where its transfer to them was made for the purpose of defeating said statutory right of the vendor, although the notice provided for in the statute was not filed prior to said transfer.

2. The statute does not create a lien upon the property, but applies to the remedy merely; and there is no force in the contention that, in the absence of fraud, the vendee is bound by actual notice.

Error to Kent. (Adsit, J.) Submitted on briefs February 1, 1895. Decided February 12, 1895.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion, and in 97 Mich. 459.

*Frank A. Rodgers,* for appellant.

*Wolcott & Ward,* for plaintiff.

McGRATH, C. J. When this case was here before, in 97 Mich. 459, it was expressly held that property otherwise exempt from execution, but subject, under the statute, to execution for the purchase price, might be seized in the hands of third persons, where the transfer was not *bona fide,* but was made for the purpose of defeating the statutory right of the vendor, and this, although the notice provided for in the statute had not been filed prior to the transfer; in other words, that the notice was necessary to preserve the vendor's rights against *bona fide* purchasers,

and not as against fraudulent transfers.	Upon the last trial the court instructed the jury that—

"If you find that the bill of sale was given to the plaintiff by Thomas Lillibridge with the intent on the part of both Thomas and the plaintiff to defraud, delay, or hinder Chauncey Lillibridge in his collection of his debt then in judgment before the justice, then the sale would be void; and if the note was given for the purchase of these horses, then your verdict should be for the defendant: *Provided* you find the notice was filed in the town clerk's office prior to the delivery of the bill of sale."

Again the court said:

"If you shall find that Thomas reserved any interest or benefit to himself, and intended to hinder, delay, or defraud Chauncey in the collection of his debt, and the plaintiff took the bill of sale to assist him, and not have this property applied to payment of this debt, the transfer would be fraudulent and void: *Provided*, as before, you find the notice was filed in the town clerk's office prior to the delivery of the bill of sale."

It is true that elsewhere in the charge substantially the same instructions occur without the proviso, but the instruction here given is unambiguous.	There is no doubt as to its meaning, and we are not prepared to say that the jury did not attach this proviso to the instructions elsewhere given.

There is no force in the contention that, in the absence of fraud, plaintiff was bound by actual notice.	The statute does not create a lien upon the property, but applies to the remedy merely.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.