### GOTTESMAN *v.* CHIPMAN.

1. ATTACHMENT—EXEMPTIONS—PURCHASE PRICE.
    Goods entering into a merchant's stock in trade are not exempt from attachment to satisfy claims for the purchase price. 3 Comp. Laws 1897, § 10324.

2. SAME — REPLEVIN — IDENTITY OF PROPERTY — QUESTION FOR JURY.
    On replevin of property attached to satisfy claims for the purchase price, evidence by the seller that all the goods levied on had been sold to plaintiff within 60 days of the levy, and by plaintiff that a part of the goods were bought the previous year, raises a question for the jury as to whether all the goods were of the recent invoice.

3. SAME—MISJOINDER OF PLAINTIFFS—COPARTNERS.
    Copartners cannot join in an action of replevin for their individual exemptions in the partnership property.

Error to Wayne; Donovan, J. Submitted October 3, 1900. Decided October 31, 1900.

Replevin by Max Gottesman and Jacob Schnabel, co-partners as Gottesman & Schnabel, against Harry F. Chipman, sheriff, Daniel J. Spinning, constable, and Archie H. Jackson and Joseph F. Jacobs, copartners as Jackson & Jacobs. From a judgment for defendants on verdict directed by the court, plaintiffs bring error. Affirmed.

*Lehmann Bros. & F. J. Riggs*, for appellants.

*Selling & Hatch*, for appellees.

HOOKER, J. The plaintiffs were copartners engaged in the clothing trade. On October 11, 1898, Berman, Wein & Co. attached their stock; defendant Spinning, a constable, making the levy and taking possession. Abraham Jacobs was left in charge. On October 14th, Spinning inventoried the stock, and had it appraised. It amounted to $666.68. On the same day Spinning levied an attachment upon the property, subject to the Berman, Wein & Co. attachment, in behalf of Jackson & Jacobs, seizing goods amounting to $134.50. These goods are described in the record, and include nine ulsters. On October 19th, M. King & Son attached the goods taken upon the two attachments mentioned, subject to said levies, upon a writ issued out of the circuit court. Defendant Chipman, as sheriff, levied the writ. The plaintiffs thereafter replevied this property, claiming it as their exemptions. They maintain that they were not given the opportunity to select their exemptions, and that, therefore, the several officers were trespassers in seizing it. The circuit judge directed a verdict for the defendants. The property consisted of pants and vests and nine ulsters. The court held that the several claims were for the purchase price of goods sold to them by the attaching creditors, respectively, and that said goods were not exempt from levy to satisfy claims for the purchase price.

The correctness of the holding that property is not exempt from levy for the purchase price is shown by the

case of *Lillibridge* v. *Walsh*, 97 Mich. 459 (56 N. W. 854), 104 Mich. 153 (62 N. W. 172).

The record does not contain all of the testimony taken upon the trial, but there is testimony tending to show that the nine ulsters were not purchased from Berman, Wein & Co., nor from Jackson & Jacobs. Gottesman testified unqualifiedly that:

"The ulsters came from King. * * * I owed him money for goods, and these goods included the ulsters. * * *

" He sued you for money you owed for goods?

"Yes, sir.

"And, among these, nine ulsters, were there not?

"Yes, sir."

The learned circuit judge thereupon held that it conclusively appeared that the possession of the defendants was lawful as to the ulsters. Counsel for plaintiffs insist this was erroneous so far as Spinning and Jackson & Jacobs are concerned, because Spinning was not justified in seizing them on the claims of Berman, Wein & Co. and Jackson & Jacobs, and that they were, therefore, trespassers to the extent of the ulsters. Jackson testified that all of the property levied upon for the claims of Jackson & Jacobs, except the ulsters, had been sold by them to plaintiffs within 60 days of the levy. Gottesman testified that six pairs of the pants were bought the previous year, or the year before that, from Jackson & Jacobs, and it is claimed that those were not liable to attachment, as the claims of the attachment creditors did not include the price for such pants. We think this raised a question of fact for the jury as to said six pairs of pants, and that the judge was not warranted in deciding that they were a part of a recent invoice. This necessitates a reversal of the judgment, unless the defendants' counsel are correct in saying that there is a misjoinder of plaintiffs.

The plaintiffs' contention that the copartners might bring replevin because of the alleged trespass is not sound. The remedy by replevin is expressly forbidden to a de-

fendant in attachment, except in a single instance, viz., where he is entitled to attached property under the exemption law. 3 Comp. Laws 1897, § 10652. If the copartnership, as such, were entitled to exemptions, such an action would lie by the copartners; but in this State the right is individual in the copartners, and each must decide for himself whether he will claim an exemption or not. If neither chooses to do so, the firm cannot maintain an action for all the property levied upon, based upon the claim that the levy was a trespass, any more than it could recover the value in trover. It was not a trespass against the firm. Their property was all subject to the levy. But the individual copartners had rights of exemption, which they were at liberty to assert, or to refrain from asserting, at will. The statute contemplates the replevin of property exempt by the person entitled to it. His right to replevin is limited to the property which he has a right to claim. As he is entitled to the possession of all copartnership property against a wrong-doer, so he cannot be defeated by the claim that he is not the sole owner because the partners have not agreed upon his exemptions. We think the copartners should not have joined, as neither has any interest in the other's exemption. This view is sustained by the case of *Russell* v. *Lennon*, 39 Wis. 570 (20 Am. Rep. 60), which was quoted with approval in *Rogers* v. *Raynor*, 102 Mich. 475 (60 N. W. 980), where this question was discussed in an action of trover.

The judgment is affirmed.

The other Justices concurred.