FEENSTRA *v.* TANIS.

EXEMPTIONS—LIABILITIES ENFORCEABLE AGAINST EXEMPT PROP-
ERTY—DEBTS FOR PURCHASE PRICE.

Cows, in addition to the two specifically exempt under subdi-
vision 6, section 10322, 3 Comp. Laws, when kept by a farmer
for use on his farm, are exempt to the value of $250 under
subdivision 8 of the same section, and may therefore be taken
on execution for their purchase price under section 10324.

Case made from Ottawa; Padgham, J. Submitted
June 19, 1906. (Docket No. 58.) Decided July 23,
1906.

Replevin by Arthur Feenstra and Jane Feenstra against
Edward Tanis. There was judgment for plaintiffs, and
defendant appeals. Reversed, and judgment entered for
defendant.

*Smedley & Corwin*, for appellant.

*Sooy & Heck*, for appellees.

CARPENTER, C. J. Plaintiffs are husband and wife.
They own a farm and carry on the business of farming
and market gardening. About one year before this suit
was commenced plaintiff Arthur Feenstra, who then
owned several cows, purchased three additional cows from
one Berkompas. Subsequently Berkompas obtained a
judgment against said Arthur Feenstra for the purchase
price of said three cows. Execution was issued upon said
judgment and placed in the hands of defendant, who was
a constable, with directions to levy the same. Said de-
fendant, as constable, levied upon the three particular
cows sold by Berkompas to said Feenstra, and upon no
other property, though said Feenstra was a householder
living upon his farm and had at that time other cows and

animals. Defendant made no inventory or appraisal of the property levied upon. Plaintiff thereupon brought this suit in replevin to recover possession of said cows. The case was tried in the lower court without a jury. The court made a finding of facts, from which we have taken the foregoing, and rendered a judgment for the plaintiffs. Defendant asks us to reverse that judgment. The law controlling this case is contained in the following sections of the Compiled Laws:

"SEC. 10322. The following property shall be exempt from levy and sale under any execution, or upon any other final process of a court: * * *

"*Sixth.* To each householder, ten sheep, with their fleeces, and the yarn or cloth manufactured from the same; two cows; five swine, and provisions and fuel for comfortable subsistence of such householder or family for six months. * * *

"*Eighth.* The tools, implements, materials, stock, apparatus, team, vehicle, horses, harness or other things, to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars. * * *

"SEC. 10324. The property exempted in the subdivision of which this act is amendatory [subdivision 8] shall not be exempt from any execution issued upon a judgment rendered for the purchase money for the same property. * * *

"SEC. 10328. Whenever the defendant in an execution shall have cows, sheep, swine, or other animals or articles, some of which are exempt by law from sale on execution, and some of which are not so exempt, the officer may take all of such horses, cows, sheep, swine or other animals or articles into his possession, and the defendant or his authorized agent may, immediately, on being notified of the levy, select so many thereof as are exempt by law from execution, but if the defendant be absent, or neglect to make such selection on being notified, the officer shall make the same for him."

The trial court decided that the execution should, in accordance with section 10328, have been levied upon all the cows of plaintiffs, and that they should have been per-

mitted to select therefrom the cows which are exempt under subdivision 6 of section 10322, above quoted, and because this was not done plaintiffs were entitled to recover. This was clearly correct (see *Parker* v. *Canfield,* 116 Mich. 94), unless the cows were by virtue of section 10324 liable to seizure on the execution issued upon the judgment rendered for the purchase money. If they were so liable, they were properly seized, and defendant was and is entitled to judgment. *Lillibridge* v. *Walsh,* 97 Mich. 459. The sole question in controversy, then, is this: Were the cows liable to be taken on an execution issued upon a judgment for the purchase money by virtue of section 10324. This depends upon whether they are exempt from execution by virtue of subdivision 8, for section 10324 applies only to property exempt in that subdivision. It is to be inferred from this record that plaintiffs kept these cows for use on their farm. In *Hutchinson* v. *Whitmore,* 90 Mich. 255, this court held that "hay, oats, corn, a yearling steer, a heifer and two spring calves" used by the plaintiff on his farm were exempt under subdivision 8 as "stock to enable" him to carry on his business of farming. The only ground upon which it may be said that the language of subdivision 8 exempts a steer, heifer, and calves, and does not exempt plaintiffs' cows, is that two of those cows are exempt under subdivision 6. This distinction is unimportant. In *Stilson* v. *Gibbs,* 46 Mich. 215, it was held that the wheat of a farmer was exempt under subdivision 6 as provisions for the comfortable subsistence of his family, and under subdivision 8 as seed to enable him to carry on the business of farming. If the distinction under consideration is sound, a dairyman *who is a householder,* whose entire property consists of several cows, is entitled to an exemption of only two cows (for his cows are exempt under subdivision 6), while a dairyman *who is not a householder* is entitled to an exemption of cows to the value of $250 (for his cows, not being exempt under subdivision 6 are exempt under subdivision 8). Reasoning which compels us to conclude that subdi-

vision 8 describes the cows of a dairyman who is not a householder, and does not describe the cows of a dairyman who is a householder, and which results in giving to the former a greater exemption than to the latter, cannot be sound. I conclude, therefore, that *Hutchinson* v. *Whitmore*, supra, authoritatively determines that the cows in question were exempt under subdivision 8, and were properly seized upon the execution, and that the facts shown upon this record entitle defendant to a judgment.

This conclusion does not, as plaintiffs contend, deprive them of the exemption of two cows given them by subdivision 6. Their right to that exemption is fully recognized. A farmer who is also a householder owning several cows for use on a farm is entitled to an exemption of two cows under subdivision 6. In addition to this he is entitled to an exemption of $250 worth of the property described in subdivision 8. Included in this latter property are said cows. In other words, the cows kept for use on a farm, if the farmer is a householder, are exempt under both subdivisions 6 and 8. As plaintiffs' cows are exempt under subdivision 8, they are liable to execution under section 10324, even though they are also exempt under subdivision 6.

No other point demands discussion. Judgment should be reversed, and a judgment entered for defendant, with costs of all the courts.

MCALVAY, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.