The Governor, &c. vs. Webb et al.

No. 31.—THE GOVERNOR, for the use of G. W. MOORE and M. H. MYRICK, plaintiffs in error, vs. E. H. HICKS and E. WEBB, survivors, defendants.

[1.] The Courts will not in one suit take cognizance of distinct and separate claims of different persons; but where the damage, as well as the interest, is several, each party injured, must, in that case, sue separately.

[2.] In case of misjoinder of improper plaintiffs, as well as distinct causes of action, the declaration will be bad on general demurrer, or in arrest of judgment, or in error.

Debt, in Crawford Superior Court.    Tried before Judge POWERS.    March Term, 1852.

This was an action on a Sheriff's bond, brought under the following state of facts:

In November, 1842, the plaintiff, Moore, obtained a judgment against one Sawyer, for nine hundred dollars and upwards; and at the same time, the plaintiff, Myrick, obtained a judgment against the same person, for about seven hundred and forty dollars. These *fi. fas.* were obtained in the Inferior Court. Afterwards, Moore and Myrick jointly became the purchasers of a Superior Court *fi. fa.* against Sawyer, which had been obtained by another party in August, 1842.

The defendant, Hicks, being Sheriff of the County, sold property of Sawyer, under these several *fi. fas.*    Upon a rule against him for the payment of the money, and a collateral issue made up thereon, the Jury found that the sum of one thousand and twenty-six dollars was in hs hands, raised by sale of defendant's property; upon which a rule absolute was granted, ordering him to pay over that sum.    This action was brought on said rule, in the joint names of Moore & Myrick, against the Sheriff, Hicks, and Webb, his only surviving security.

The declaration was demurred to, on the ground that it was stated in one part, that Hicks & Webb and another, were bound, &c., and in another place, it was alleged that Hicks and Webb were

bound, without naming the other ; and also, on the further ground that three different plaintiffs, between whom no privity existed, to wit : Moore, Myrick, and Moore & Myrick, each claiming under separate judgments, had joined in bringing the action. The Court held, that the first defect was amendable, and that the plaintiffs might also amend the second, by striking out the names of all but one of the parties suing. This the plaintiffs declined to do, and the action was dismissed.

To this decision of the Court exception is taken.

HAMMOND, for plaintiffs in error.

HALL & HALL and G. J. GREEN, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This is an action of debt, on a Sheriff's bond, in the name of the Governor, for the use of George Moore and Matthew H. Myrick, against Elijah Hicks and Ewell Webb. The declaration states that the bond was made by Hicks and Webb, together with one Obadiah M. Colbert, since deceased. It then avers first, that all three of the obligors bound themselves for the faithful performance of the Sheriff ; and afterwards, that Hicks and Webb bound themselves.

The declaration further recites, that George Moore, one of the plaintiffs in the suit, recovered $928.98 principal, and $68.03 interest, besides cost, in November, 1842, on an attachment against Elkanah Sawyer and Littlebury Boon ; that Matthew H. Myrick, the other plaintiff, recovered, at the same time, of Elkanah Sawyer, a judgment for $747.41 principal, and $54.81 interest, besides cost; and that Moore and Myrick, purchased jointly and took by assignment to Myrick, for the use of himself and Moore, a *fi. fa.* against Sawyer and Boon, from one Littlebury Lucas, dated in August, 1842, for $1,278 principal, and $65.34 interest, besides cost. And the breach alleged is, that Hicks, the Sheriff, sold the property of Sawyer, the defendant, to the amount of $3,600 on these several executions ; that by a ver-.

dict of a Jury upon a collateral issue, there was found to be still on his hands $1,024.06 of the proceeds of the sale of the defendant's property, unaccounted for.

There is some confusion in the record, leaving it doubtful whether there was a general judgment entered up for this balance in behalf of the creditors, who moved the rule *ni si* against the Sheriff, or a rule absolute predicated upon the finding of the Jury. Probably both was done.

Upon this statement of facts, this action is brought upon the bond and the failure of the Sheriff to pay over this money.

At the trial, the declaration was demurred to, both on account of the misdescription of the bond, as well the misjoinder of several plaintiffs and several causes of action in the same writ. The Court sustained the demurrer, but allowed the party to amend, which he declined to do, and the case was dismissed.

We think the first objection, as to the contradictory averments respecting the bond, was immaterial, and that it came too late. The other objection was well taken and fatal. Courts will not, in one suit, take cognizance of distinct and separate claims of different persons. Where the damage, as well as the interest, is several, each party injured must, in that case, sue separately. 1 *Saunders*, 291, g. 2 *Saunders*, 116, *n.* 2. *Bacon's Abr. Action C.* 2 *Wils.* 423. 1 *Chitty's Pl.* 73.

[2.] And the objection is good, on a general demurrer, or in arrest of judgment, or upon error. *Cooper vs. Bissell*, 16 *Johns. Rep.* 146. 1 *Chitty's Pl.* 236.

Here are joined in the same suit, the individual claim of George Moore, the individual claim of Matthew H. Myrick, and the joint demand of Moore & Myrick, each requiring separate verdicts and separate judgments, which cannot be awarded in the same suit.

The judgment is consequently affirmed upon this ground, with he privilege to the plaintiffs to re-instate the case, and amend his writ, upon the payment of costs, by striking out any two of the parties, and the breeches and the declaration alleged in their charge.