MRS. JOHN SAHLBERG, *Plaintiff in Error*, v. J. A. TEAGUE FURNITURE COMPANY, INC., a Corporation, and J. A. TEAGUE, *Defendants in Error*.

En Banc.

Opinion filed October 21, 1930.

*Giles & Gurney,* for Plaintiff in Error;

*Akerman & Akerman,* for Defendants in Error.

DAVIS, Commissioner:

The defendants in error sued the plaintiff in error for a breach of contract. Omitting such parts as are immaterial, the contract is as follows:

"I, Mrs. John Sahlberg of Orange County, State of Florida for and in consideration of the sum of One ($1.00) Dollars to me in hand paid by (Teague Furniture Co., Inc.) J. A. Teague of Orange County, State of Florida, do hereby give the said (Teague Furniture Co., Inc.) J. A. Teague heirs and assigns the privilege of purchasing on or before the 31st day of March, A. D. 1926, the following described real estate, situated in the County of Orange and State of Florida, to-wit: A certain twenty-five acres (25) of land bordering Mich. Ave., and extending back to Lake Pine Loch with lake frontage. (I agree to pay to J. A. Teague (Furniture Co., Inc.) 10% of the price given below, for his services in this transaction) at and for the price of fifty thousand ($50,000.00) Dollars, to be paid as following, viz.: Five thousand ($5,000.00) on or before 3/31/26 Dollars in cash and the sum of Five thousand ($5,000.00) Dollars each year until the above amount has been paid, with interest at 6 per cent annually, to be secured by a mortgage or trust deed on said real estate, in form to be satisfactory to me, said cash payment to be made and securities delivered on or before the 31st day of March, A. D. 1926, to me.

"I also agree to furnish an abstract of title, showing good title to said real estate. In case the privilege of purchase hereby given is exercised, the price above named paid and secured, and the securities accepted, as above provided, I agree to convey and assure the said real estate to said J. A. Teague (Teague Furniture Co., Inc., heirs or assigns, by a good and sufficient warranty deed."

The declaration, after alleging the making of the contract, and reciting certain of its provisions, states that:

"Said contract also provided that if said plaintiffs, J. A. Teague or the J. A. Teague Furniture Co., Inc., a corporation, should exercise their privilege of buying said property then in that event they would receive ten per cent (10%) of the purchase price of $5,000 for their services or commission in consummating said transaction, or a discount of 10% on said total purchase price; * * * that the legal description of the property intended to be described in said contract and which was the only property owned by the said defendant at the time of the execution of said contract in the vicinity of said Michigan Avenue and Pine Loch Lake is as follows:

following which is a description of the property. The declaration further alleges that prior to the expiration of the option they entered into an agreement with one W. S. Godley, whereby he was to purchase the property for the sum of $50,000.00 and that he was ready, able and willing to purchase the same; that by the exercise of their option they could have made a profit of $5,000.00; that before the expiration of the option they notified the defendant, plaintiff in error, that they desired to exercise their privilege and purchase the property; that they actually tendered in cash the initial payment provided for by the contract and notified the defendant that they were ready, able and willing to execute a purchase money mortgage for the deferred payments as provided for by the said contract; but that the defendant failed and refused to accept the same and failed and refused to sell the said property.

The defendant pleaded (1) that she never promised as alleged, and (2) fraud in the procurement of her signature upon the contract and the case was tried upon these issues.

The jury returned a verdict for the defendant and the plaintiffs, defendants in error here, filed and presented their motion for a new trial for the following reasons:

"1. Because the verdict is contrary to law.

"2. Because the verdict is contrary to the evidence.

"3. Because the verdict is contrary to the law and the evidence.

"4. Because the verdict is against the weight of the evidence."

Because of the granting of this motion, the cause is here upon writ of error, and the plaintiff in error has assigned as error, (1) the denial of a motion made by her at the conclusion plaintiffs' testimony for a directed verdict in her favor, and (2) the granting of a new trial.

We cannot consider the alleged error in denying the motion for a directed verdict in favor of the defendant, inasmuch as the only matter that may be considered by this Court on a writ of error to and order granting a new trial is a "review of the said order." Section 4615 (2905) Comp. Gen. Laws of Florida, 1927; Sewell v. Sewell, 91 Fla. 982, 109 So. R. 98; Cheyney v. Roberts, 77 Fla. 324, 81 So. R. 475; Carney v. Stringfellow, 73 Fla. 700, 74 So. R. 866; Ruff v. Georgia S. & F. Ry. Co., 67 Fla. 224, 64 So. R. 782; Beverly v. Hardaway, 66 Fla. 177; 63 So. R. 702; Dunnellon Phosphate Co. v. Crystal River Lbr. Co., 63 Fla. 131, 58 So. R. 786; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 So. R. 1.

In the brief filed on behalf of the plaintiff in error, we find an interesting and able discussion of questions that bear particularly upon matters set up in the second plea, but we deem it unnecessary to go into such questions for the reason that we agree with the courts in those jurisdictions which hold that joinder of a party as plaintiff in an action at law, who has no interest therein, whether such

fact appears in the record or by the evidence, is fatal to a recovery. All plaintiffs in an action at law must be entitled to recover and unless they are, none can recover. 20 Std. Ency. Pl. & Prac. 985; 20 R. C. L. 706; 15 Ency. Pl. & Pr. 580; Bell v. Allen, 53 Ala. 125; The Governor, etc., v. Webb, 12 Ga. 189; Rogers v. Raynor, 102 Mich. 473, 60 N. W. R. 980; Holliman v. Rogers, 6 Tex. 91; Edgar v. Bacon, 122 So. R. 107, 97 Fla. 679.

In the contract the conjunction *and* does not connect the names of the plaintiffs in this case and also what purports to be the name of the corporation always appears in parentheses or is set out in brackets as "(Teague Furniture Co. Inc.)" or "(Furniture Co. Inc.)"

When a word or words enclosed by curved lines or brackets are inserted in the midst of a sentence that is complete without such word or words, they are supposed to be used by way of comment or to qualify, explain or limit the meaning of the sentence with which they are connected, but it is not apparent in the instant case how "(Teague Furniture Co. Inc.)" or "(Furniture Co. Inc.)" as they appear (in brackets) in the contract can qualify, explain or limit the meaning of any sentence in which they are used and certainly it is not apparent upon the face of the instrument that it was the intention of the plaintiff in error to make the *J. A.* Teague Furniture Company, Inc., a joint optionee with J. A. Teague. If we should agree that "Teague Furniture Co. Inc.," "Furniture Co. Inc.," and "J. A. Teague Furniture Company, Inc.," are one and the same corporate entity, we would have to go into the realms of conjecture or speculation to hold that it was the intention of the parties that the J. A. Teague Furniture Company, Inc., should have a joint option with J. A. Teague on the land in question. To hold that the instrument shows on its face that a contract was

entered into by plaintiff in error with J. A. Teague and with J. A. Teague Furniture Company, Inc., the words set out in the brackets in the contract would have to extend or broaden, and do violence to, the meaning of the several sentences in which they are inclosed, and this would be irreconcilable with the office of a parenthesis.

The most favorable view that can be taken of the instrument from the standpoint of the defendants in error, is that it is ambiguous as to whom the option was given and that parol testimony may be resorted to for the purpose of showing the intention of the parties, and we would then still be unable to say that it was the intention of the plaintiff in error to give an option to both of the defendants in error.

Indeed, we find where J. A. Teague, who testified in the case stated "*I* wanted an option with the privilege of buying it *myself,* or selling it to someone else, and in either event she was to pay the 10% commission;" that in case *he* bought the property *himself,* the purchase price was to be $45,000.00; that *he* sold the property and the price to be paid him was $50,000.00, and that the purchaser gave him a binder—a check for $2,500.00—on it; that *he* offered to execute a mortgage or trust deed to cover deferred payments and to comply with the contract in every way; that he stated further: "I told her I wanted an option to protect *me* in my efforts" and "I agreed to buy it and thought I had bought it," and further, "I was selling it to Mr. Godley for myself under the option."

W. S. Godley, to whom the property is alleged to have been sold and who testified for the plaintiff, stated that he "bought it (the property) of J. A. Teague," and agreed to pay him (J. A. Teague) $50,000.00 for it; that when the plaintiff in error refused to make delivery, he told Teague: "Teague, I bought that property from you in good faith,

put upon the binder, $2,500.00 binder, and demand delivery of that property out of you now.''

Such statements as those we have just referred to, instead of showing a joint interest in the plaintiffs; indicate that the J. A. Teague Furniture Company, Inc., was never known in the transaction; and that it was not meant for the corporation to be a party to it. West Yellow Pine Co. v. Sinclair, 83 Fla. 118, 90 So. R. 828; Mizell Livestock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 So. R. 547; Holmes v. Stearn Lbr. & E. Co., 66 Fla. 259, 63 So. R. 449; Peoples Savgs. Bk. & Tr. Co. v. Lanstreet, 80 Fla. 853, 87 So. R. 227; Webster v. Clark, 34 Fla. 637, 16 So. R. 601, 27 L. R. A. 126, 43 A. S. R. 217.

It was essential to the plaintiffs' case that a liability be shown to J. A. Teague Furniture Company, Inc., and to J. A. Teague, jointly. The evidence does not show such liability.

It has been repeatedly held by this Court:

"Where some settled principle of law is violated by the trial court in granting a new trial, or where in law the evidence requires the finding to be as made, and a judgment on the finding would be in accord with law and requirements of substantial justice in the cause, the appellate court will reverse an order of the lower court granting a new trial, when the matter is appropriately presented." Phillips v. Lowenstein, 91 Fla. 89, 107 So. R. 350. See also cases there cited.

Entertaining the views that we have herein expressed, it is unnecessary to discuss other questions relating to the case.

The verdict for the defendant was in accord with law applicable to the facts shown in evidence and the court erred in granting a new trial.

The order granting a new trial is reversed and the cause is remanded with directions to the circuit court to enter a final judgment for defendant upon the verdict, unless a motion in arrest of judgment, or for judgment *non obstante veredicto*, shall be made and prevail. Section 4615 (2905), Comp. Gen. Laws of Florida, 1927; Bishop v. Taylor, 41 Fla. 77, 25 So. R. 287; Wilhelm v. South Indian River Co., 98 Fla. 970, 124 So. R. 729, and other Florida cases therein cited.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the court below should be, and the same is hereby reversed, and the cause is remanded, with directions to enter final judgment for the defendant below on the verdict, unless a motion in arrest of judgment or for judgment *non obstante veredicto*, shall be made and prevail.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.