CHARLES H. HAWLEY, *Plaintiff in Error,* v. AMERICAN BANK & TRUST COMPANY, *Defendant in Error.*

148 So. 521.
Division B.
Opinion filed May 8, 1933.

*B. K. Roberts, Frank C. Dorman* and *J. Carl Lambdin,* for Plaintiff in Error;

*H. W. Holland* and *Charles E. Fisher,* for Defendant in Error.

BUFORD, J.—This suit was by the defendant in error against the plaintiff in error upon the assumption clause in a paper which appeared upon its face to be a deed, which assumption clause purported to bind the defendant in the court below to pay a certain mortgage. The verdict was in favor of the defendant and on motion a new trial was granted.

The evidence is clear, conclusive and uncontradicted that there was never any agreement between the parties that the grantee in the deed should assume the obligation referred to; that the grantee never exercised ownership of the property by taking the same into his possession or control in any manner whatever; that the deed was made, executed and delivered to the grantee for the purpose of securing a debt then owing from one or more of the grantors to the grantee; that at the time of the delivery of the deed which was delivered to secure such indebtedness, the grantors requested the grantees to execute certain quit claim deeds which were enclosed with the deed to the defendant in the court below and to return the same to the grantors who transmitted the deed embracing the assumption clause to the defendant, with the understanding that such quit-claim deeds should be kept off the record until the grantees therein could sell the property and pay the debt, and that he complied with that request; that he did not read the deed, nor know of the assumption clause therein until he was called upon to pay the debt; that he retained the deed in his possession but did nothing toward controlling or exercising any rights or toward performing any duties toward the property described therein. He apparently attached no importance whatever to the deed as being of any value to him.

There is no evidence disclosed by the record which could

have sustained the verdict in behalf of the plaintiff. Neither was there any allegation in the motion for new trial that there existed any other or newly discovered evidence than that which was introduced upon the trial.

It is well settled that an appellate court will not reverse an order granting a new trial unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated. Ruff v. Georgia S. & F. Ry. Co., 67 Fla. 224, 64 So. 782; Chency v. Roberts, 77 Fla. 324, 81 So. 475; Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Lockhart v. Butt-landstreet, 91 Fla. 287, 107 So. 641; Suttles v. Burbridge, 90 Fla. 940, 107 So. 646; Aberson v. Atlantic Coast Line Ry. Co. 68 Fla. 196, 67 So. 44; cited; Huston v. Green, 91 Fla. 434, 108 So. 846.

It is also settled in this jurisdiction that where in law the evidence requires the finding to be made and a judgment on the finding will be in accord with the law and the requirements of substantial justice in the cause, the appellate court will reverse the order of the lower court granting a new trial, should the matter be properly presented. Sahlberg v. Teague Furniture Co. 100 Fla. 972, 130 So. 432.

The order granting a new trial should be, and the same is hereby reversed and the cause is remanded with directions to enter final judgment for the defendant below on the verdict, unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.