SAM D. BENNETT v. ETHEL A. WILLIAMS, a widow, et al.

5 So. (2nd) 51                                     Division B
December 12, 1941

T. B. Ellis, Jr., for plaintiff in error.

Denison & Smith, for defendants in error.

BROWN, C. J.:

This is a writ of error to review a judgment entered upon a directed verdict in favor of defendants in error in the amount of principal and interest of two promissory notes.

The plaintiff in error executed two notes of $500 each on April 19, 1937. An identical provision for interest was made in each of these notes as follows, ". . . with interest after date at the rate of eight per annum until paid." There is an endorsement on the back of each note stating "Int. Pd to 4/19/38 W. E. V. $40.00." The pleas filed to the declaration admitted the execution of the notes but offered to prove certain set-offs. Verdict was directed for the defendants in error in the principal amount of the notes with interest at the rate of eight per cent per annum. Because of abandonment of errors assigned and stipulation, the sole question presented here is whether it was proper for the court below to enter the judgment in so far as it provides for the payment of interest on the notes.

It is the contention of plaintiff in error that the provisions in the notes for interest are ambiguous because of the evident omission of the words "per cent" immediately before the words "per annum", and that it is impossible to determine what interest was intended paid.

Sec. 6777, C.G.L., provides for the interpretation of ambiguities and omissions in negotiable instru-

ments in certain instances, but there is no provision of the Negotiable Instruments Act of this State which directly controls the present situation. Sec. 6936, C.G.L. 1927, provides for the rate of interest where the instrument makes no provision for an interest rate. Under this section, if no attempt had here been made to state an interest rate, interest at the rate of eight per cent per annum would have been assessable. Myrick v. Battle, 5 Fla. 345; Patrick v. Kirkland, 53 Fla. 768, 43 So. 969.

The use of the phrase, "eight per annum until paid" did not, as is contended, render that provision of the note fatally ambiguous. In construing a contract the object is to ascertain the intent of the parties by a reasonable construction. See Bloodworth v. A. H. & F. H. Lippincott, 78 Fla. 261, 82 So. 827; Holmes v. Kilgore, 89 Fla. 194, 103 So. 825. A reasonable construction of the words here used can only lead to the conclusion that the plaintiff in error intended to pay interest after date at the rate of eight per cent per annum. This conclusion is supported by the fact that plaintiff in error did pay the only interest paid on the notes at the rate of eight per cent.

Even if it could be fairly said that the omission of the words "per cent" created an ambiguity, that ambiguity has been determined by the parties by the payment and acceptance of interest for one year at the rate of eight per cent per annum as evidenced by the endorsements on the notes. The construction of a contract by the parties thereto may be resorted to to clarify any ambiguous terms thereof. Gray v. Andrews, 141 Fla. 47, 192 So. 634.

Counsel for defendant in error has seen fit to attach photostatic copies of the notes to his brief. While

these might have been more helpful to the court than the usual typewritten ones in the transcript they could not be considered because not properly before the court. Rule 11 of the rules of this court, as amended January 13, 1941, sets forth the requirements for the use and authentication of photostatic copies. Counsel failed to comply with the Rule.

The judgment appealed from should be and is hereby affirmed.

WHITFIELD, TERRELL, BUFORD and THOMAS, JJ., concur.

CHAPMAN, J., not participating.

ADAMS, J., disqualified.