**B. F. PATY, as Trustee v. CHARLES H. LANDEFELD, JR.,** et al.

.7 So. (2nd) 466                                    En Banc
April 14, 1942

L. A. Mooney, for petitioner;

Byrd & McCaughen, for respondent.

PER CURIAM:

Charles H. Landefeld, plaintiff below, filed his bill of complaint against petitioner and Hollywood, Inc., on October 30, 1941. Petitioner's motion to dismiss the bill was denied and he brings this appeal by certiorari under Rule 34 from that ruling. The facts, as alleged in the bill are substantially as follows:

Both plaintiff and defendant Paty (here called "defendant") are attorneys at law. In 1929 defendant, in his fiduciary capacity, recovered a final judgment at law in the amount of $55,216.30. In 1931 plaintiff was engaged to assist defendant's firm in the collection of this judgment, the terms of the agreement being expressed in a letter by the latter to the former which in part states,

"You are employed to assist this firm in the collection of this judgment of approximately $50,000.00, you to receive as your compensation 33 1/3% of whatever amounts may be collected on said judgment whether by forced sale of any of the property of the defendants or by compromise of said judgment."

Plaintiff accepted these terms of employment.

In 1932, through the negotiations of plaintiff, defendant and the respondent, Hollywood, Inc., entered

into an agreement whereby the said judgment was compromised and settled by assignment to the corporation for the sum of $50,000.00. The stipulated amount was to be paid to defendant in monthly payments equivalent to 3% of the gross collections of the corporation less payments made for taxes, improvements, etc., until the total amount was paid. Eighty-nine monthly payments were thereafter made to petitioner under the agreement, and 33 1/3% of those payments he paid in turn to plaintiff.

Upon Hollywood, Inc., making its report and payment for July, 1940, a disagreement arose between plaintiff and defendant on the one part and the corporation on the other as to the method of computing tax deductions under the agreement. There followed a period of negotiation in an effort to settle the disagreement and finally in January, 1941, a plan of settlement was worked out by plaintiff and the corporation subject to defendant's approval. Defendant modified the plan of settlement somewhat and sent it to plaintiff, Feb. 10, 1941, with instructions that the latter ask the corporation "not to suggest any material changes from the agreement as suggested now because . . . [defendant could not] make them." Feb. 12, 1941, plaintiff submitted the agreement as modified by Paty to the corporation accompanied with a letter in which he stated,

"Frankly, I have spent so much time in this matter attempting to work out an agreement mutually satisfactory to all concerned, and on several occasions I have actually prepared a draft which was in all respects satisfactory to me. Therefore if you have any further suggestions or proposed changes in connection with this matter please take up the same direct with

Mr. Paty, as, in view of past developments I am convinced that it is impossible for me to work out a contract which will be agreeable both to your firm and Mr. Paty. I am asking you to be so good as to respect my wishes in this matter, and if the enclosed agreement is not acceptable to you please contact Mr. Paty direct, as I absolutely refuse to negotiate any further. My patience is exhausted, and my disposition is growing sour. Mr. Paty has written me that there is some indication that his principals would like to have him resign as Trustee and take over the matter themselves. He therefore suggests that this matter be cleared up and out of the way this week if possible, in order that he may report to them that a new agreement has been entered into."

Upon receipt of a copy of this letter which was sent him by plaintiff, defendant wrote plaintiff on Feb. 14, 1941, that he considered the latter's employment "thus terminated . . . and consequently the forfeiture . . .. of any compensation which might otherwise have been due . . ." under the contract of employment.

On Feb. 19, 1941, Paty and the corporation signed a settlement of the controversy over the tax deductions provided for in the original agreement. This was substantially the same settlement as the one drawn and proposed by plaintiff. Thereafter some 15 payments were made defendant by the corporation totaling $1,465.75 and plaintiff has never received his 33 1/3% of that sum. A comparatively large portion of the original amount of $50,000 remains unpaid by the corporation.

Plaintiff alleged that he had done promptly all the things he was to perform under the terms of his employment and prayed that a receiver be appointed to

take charge of his 33 1/3% interest in the agreement with the corporation; that Paty be restrained from selling the 33 1/3% interest of said agreement; that Hollywood, Inc., be directed to pay the receiver 1/3 of all monies coming due to Paty under the agreement; that plaintiff be held to be the owner of an undivided one-third interest in the agreement; and that Paty pay plaintiff one-third of the amount of payments received since July, 1940.

It is Paty's contention that because the bill recited plaintiff's letter to the corporation of Feb. 12, it therefore admits that plaintiff abandoned the contract of employment and is not entitled to recover the contingent remuneration under that contract. Plaintiff counters with the alternative argument that after the settlement agreement was entered into in 1932 the work for which he was employed was terminated and his actions thereafter were as a principal with an interest in that settlement agreement or that even if his relationship as assistant counsel had not terminated, he did not abandon his employment contract in his letter to the corporation on Feb. 12 because he merely told the adverse party therein what his chief counsel had told him in the letter of Feb. 10.

A bill of equity alleging one set of facts but seeking alternative relief on two theories of the same cause of action is not defective. See McCarthy, Florida Chancery Act (2d ed 1935) page 74.

Here the plaintiff alleged that he had performed his contract of employment. He alleged that defendant made the payments to him required by that contract for 89 months after the completion of his service. He was entitled to prove these allegations and the acts of the parties showing that it was their understanding

and intent that the contract of service was terminated with the making of the settlement agreement in 1932. Gray v. Andrews, 141 Fla. 47, 192 So. 634; Bennett v. Williams, (Florida), 5 So. 2d 51.

On the other hand, even failing in the proof of the above, there is nothing conclusive shown in the bill that the plaintiff abandoned or intended to abandon the contract of employment. The letter upon which defendant acted in notifying plaintiff that the latter had abandoned his employment was a letter to a third adverse party in the negotiations. Only a copy of that letter to the adverse party was sent by plaintiff to the defendant, who was the chief counsel of the former in the negotiations.

The bill of complaint alleges a cause cognizable in equity and no error appearing certiorari should be denied.

It is so ordered.

WHITFIELD, TERRRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., dissents.