BARKER, ROGER A., Associate Judge.
Appellant, defendant and counterclaimant below, appeals an order dismissing his counterclaim and a subsequent final judgment adverse to him. The facts of the controversy are complex and will be hereinafter •developed, not in terms of the proceedings below, but in chronological sequence.
On July 28, 1956, appellant Cohen entered into a contract with a Mr. and Mrs. Cribbs whereby Cohen agreed to purchase large tracts of land in Citrus and Levy Counties. This agreement provided for payment to the Cribbs of certain sums upon execution of the contract and upon closing of the conveyance and for execution of a mortgage for the balance of the purchase price. It expressly specified that the mortgage would provide for release from the mortgage of certain parcels as sums under the mortgage were paid.
Thereafter, on February 4, 1957, appellant Cohen and appellee Middleton, as trustee, entered into a contract whereby Middleton was to purchase an undivided one-half interest in the “Cribbs contract.” This agreement provided, inter alia, for certain payments to Cohen and for execution of a mortgage from Middleton to Cohen to secure remaining amounts due. By supplemental agreement of December 27, 1957, the Cribbs, appellant Cohen and appellee Middleton altered the provisions of the original “Cribbs contract,” but retained the provisions for partial release established originally.
A day later, appellant Cohen and ap-pellee Middleton executed a supplemental agreement modifying the method of payment of amounts due Cohen from Middleton under their February 4th agreement and the mortgage therein anticipated. This supplemental agreement provided “It is understood and agreed that R. F. Raidle shall determine in his discretion as to when to sell the property and for what price.”
Therefore, the transaction with the Cribbs was closed, a declaration of trust by Middleton made and a mortgage from Middleton to Cohen executed. Middleton received title to the property as trustee for a group including appellant Cohen (40% interest) and the appellees (aggregate 60% interest). The mortgage from Middleton to Cohen, securing the unpaid balance of the amounts due Cohen on the sale of the J4 interest, provided for no partial releases. The method of payment prescribed was that the balance would be paid in accordance with the provisions of the agreements of February 4th and December 27th, which provided in essence that the Middleton to Cohen mortgage would be paid from the *801 profits realized from the sale or sales of the property after Middleton’s initial cash outlay was recovered.
Thereafter, Raidle undertook to sell the property and did, in fact, sell certain parcels, securing a release from the Cribb’s mortgage as per its terms and securing release from the Cohen mortgage by accommodation. At some point thereafter, however, Cohen desiring that the land not be sold in parcels (with adverse tax consequences to him) refused to give further releases. Thereupon the appellees Century Ventures, Axelrod, Sliika and Royal American Realty brought suit joining appellees Middleton, as Trustee, and Daniel, as well as appellant Cohen, as defendants.
By their suit the appellees sought to have the agreements inter partes construed, to compel observance of the provisions vesting Raidle with the right to sell, to have the accounting and to compel Cohen to execute releases for certain parcels in order that they be sold. Cohen resisted the suit and counterclaimed for an order construing the agreement in his favor and for foreclosure of his mortgage. Cohen also moved to transfer the cause to Citrus or Levy County, alleging that both he and defendant Daniel lived in Manatee County, that the land involved was in Citrus and Levy Counties and that the only connection with Palm Beach County shown was that it happened to be Middleton’s home.
Subsequently, the lower court denied the motion to transfer and dismissed the counterclaim.
The first point raised on appeal is that the lower court erred in denying appellant’s motion to transfer the suit to the venue of the land. The cause of action alleged in the complaint is transitory in nature. The court below had proper jurisdiction of the parties and of the subject matter because the cause of action accrued in Palm Beach County and one of the defendants, namely, Elwyn L. Middleton, was a resident of and maintained his office in Palm Beach County. See F.S. 46.01 and F.S. 46.02, F.S.A.
Appellant by his counterclaim sought a foreclosure of a second mortgage, thereby attempting to lay a predicate for his motion for a change of venue to one of the two counties in which the lands lie. The cause of action alleged in the counterclaim is local in nature. The Circuit Court of Palm Beach County did not have jurisdiction of the subject matter of the counterclaim because the action of a mortgage foreclosure is quasi in rem and local and must be brought in the county where the land lies. See Georgia Casualty Company v. O’Donnell, 109 Fla. 290, 147 So. 267; Lakeland Ideal Farm and Drainage District, et al. v. Mitchell, 97 Fla. 890, 122 So. 516. Therefore it was proper for the lower court to dismiss the counterclaim and to proceed to adjudicate the issues raised by the complaint and answer.
The second point raised on appeal is that the lower court erred when by its decree it effected a material change in the provisions of the second mortgage by interpreting into it a compulsory release clause when in fact there was no release clause written into the instrument. We quote with approval a portion of the final decree:
“It will be observed that Cohen’s mortgage is payable solely out of a specific fund, namely, the profits to be derived from sales, and that further, Middleton, as maker of the mortgage, in no event assumed any personal liability to pay the same. Cohen was aware of the provisions of the Cribbs mortgage providing for releases from time to time. Thus it must have been obvious to him that it was planned to sell under Raidle’s direction separate parcels of the land from time to time. Otherwise there would have been no occasion to insert a release clause in the Cribbs mortgage. He must have realized that it would be wholly impractical to sell parcels subject to his mortgage, which as pointed out, was payable only from *802 a contingent and uncertain fund. Such a situation was demonstrated when it became impossible to sell parcels upon Cohen’s refusal to give more releases.
“Under the circumstances it seems just to say now that by his initial conduct in giving releases without objection, Cohen adopted an interpretation of an uncertain and ambiguous transaction from which the parties may not now depart.”
We add that it is clear from Cohen’s own testimony that it was contemplated that there would be more than one sale of land from which profits would come to pay the second mortgage when the collateral agreements were drawn and executed. This was corroborated in the agreement between Middleton and Cohen entered into on December 27, 1957, wherein it was provided:
“It is further agreed, with respect to the first cash received from the sale of said property, that upon sale or sales being made (emphasis supplied) the first cash to be received shall be paid over to MIDDLETON to the extent of the total cash outlay by MIDDLETON above set out necessary to close the transaction, including all monies received by COHEN from MIDDLETON, it being understood that no profits shall be actually paid to COHEN until sufficient property is sold and the cash monies available therefrom to accomplish the foregoing.” (Emphasis supplied.)
This agreement was incorporated by reference as part of the second mortgage. It was therefore proper for the Chancellor to rule that in equity and good conscience Cohen had a duty to give partial releases of the second mortgage when Cohen by his acts of giving releases adopted an interpretation of an uncertain and ambiguous transaction. This is so on the line of authorities which support the proposition that in construing a contract the action of the parties may be considered as a means of determining the interpretation that they themselves had placed upon it. See Lalow v. Codorno, Fla., 101 So.2d 390; Bennett v. Williams, 149 Fla. 4, 5 So.2d 51; Gray v. Andrews, 141 Fla. 47, 192 So. 634; Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284; West Yellow Pine Co. v. Sinclair, 83 Fla. 118, 90 So. 828; Sahlberg v. J. A. Teague Furniture Co., 100 Fla. 972, 130 So. 432.
All other points raised have been carefully considered and are found to be without merit.
Affirmed.
WHITE, Acting C. J., and KANNER (Ret.), J., concur.