288 So.2d 544 (1973)
ACE ELECTRIC SUPPLY COMPANY, a Florida Corporation, Appellant,
v.
TERRA NOVA ELECTRIC, INC., a Florida Corporation, et al., Appellee.
No. S-455.
District Court of Appeal of Florida, First District.
December 18, 1973.
Rehearing Denied February 15, 1974.
*545 Thomas C. Dearing and Joseph M. Glickstein, Jr., of Glickstein, Crenshaw, Glickstein, Fay & Block, Jacksonville, for appellant.
John Paul Howard, Jacksonville, for appellees.
CARROLL, Associate Judge.
The appellant Ace Electric Supply Company filed an action in the Circuit Court of Duval County against Terra Nova Electric, *546 Inc., D.H. McSwain and John E. Gentry. Plaintiff alleged it had sold goods to Terra Nova Electric, Inc. on open account over a period of time, in reliance upon a written guaranty by the individual defendants, and that $14,359.01 was due and unpaid thereon, for which judgment against the defendants was sought.
The guaranty instrument was attached to the complaint. Thereby McSwain and Gentry, both of whom signed the document, guaranteed payment of indebtednesses to Ace Electric so incurred. Following that undertaking in the guaranty instrument, which was a printed form, there was inserted a typed statement as follows: "Purchases to be made by numbered purchase orders authorized by the undersigned only."
No defensive pleading was filed by the defendant corporation. Gentry answered denying the material allegations of the complaint. McSwain answered, admitting the guaranty, but denying liability thereunder "for the reason that the purchases sued upon by the Plaintiff were not made by numbered purchase orders authorized by said Defendant [McSwain] as required by the terms of said personal guaranty."
The plaintiff Ace Electric moved for a summary judgment against the defendants on the grounds that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. The defendant McSwain moved for summary judgment on the ground pleaded in his answer.
Before the trial court on the hearing on the motions for summary judgment were affidavits by the president and the treasurer of Ace Electric in support of its motion. They confirmed the amount claimed to be due for the purchase of goods on open account, and stated the extension of credit was made on reliance of the guaranty by McSwain and Gentry, and that such dealings had proceeded over the period of time involved with no contention or notice by the guarantors "that said Defendants considered said personal guaranty ineffective as to any sales made."
Also before the court were depositions of McSwain and Gentry. Thereby it was shown that McSwain and Gentry were stockholders of Terra Nova Electric, Inc., and between them owned a majority of the stock; that Gentry was the president, and that McSwain, who was the secretary-treasurer, did not take part in the operation of the business, his activity therefor being limited principally to preparation of the corporation's tax returns.
McSwain testified it was his understanding that it was the purpose and intent of the typed clause in the guaranty that all such purchase orders were to be authorized by both of the guarantors, and that he would incur liability thereunder only for purchases made on written purchase orders bearing his signed approval, and that he had not so approved any of the purchases.
Gentry's deposition disclosed he participated in the business of the corporation, and as a master electrician took part in the performance of the corporation's contract jobs; that during the period in question the purchases made from plaintiff were on numbered orders or invoices with his approval being given for such purchases.
The trial court entered two judgments bearing the same date. By one, summary judgment was granted in favor of the plaintiff against the defendant corporation and against Gentry for the amount claimed, with an additional amount against Gentry for attorney fees as provided for in the guaranty instrument. In that judgment the plaintiff's motion for summary judgment against the defendant McSwain was denied. By the other judgment, after reciting consideration by the court of the "motions, the depositions and affidavits filed in support of the same," summary judgment was entered in favor of the defendant McSwain.
The problem presented was one of interpretation of the guaranty as to whether, for liability of the guarantors, it was intended and required that the purchase orders be approved by both guarantors, or whether it was intended to be and was sufficient thereunder for the purchase orders *547 to be approved by one of the guarantors, the latter being the basis upon which the parties proceeded and which appeared to be the interpretation which the parties placed thereon during the course of such dealings.
With regard thereto the guaranty instrument presented an ambiguity. There is a question here as to whether the ambiguity was latent or patent. Extrinsic evidence is admissible to explain a latent ambiguity (Whitfield v. Webb, 100 Fla. 1619, 131 So. 786, 788 (1931)), but is not admissible in the case of a patent ambiguity (Carson v. Palmer, 139 Fla. 570, 190 So. 720, 722 (1939)). As stated in Black's Law Dictionary, an ambiguity may be either latent or patent. It is the former, where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings. But a patent ambiguity is that which appears on the face of the instrument, and arises from the defective, obscure, or insensible language used.
It can be argued the ambiguity is patent. This is so because the lack of meaning noted above can be said to appear on the face of the instrument, which calls for approval of purchase orders by "the undersigned," and there are two signers, but without expressly providing for approval of purchase orders by both signers, or that approval by one of the signers will suffice.
Also, it can be argued the ambiguity is latent, and that the uncertainty arises from extrinsic evidence showing credit was extended on faith of the guaranty on purchases made upon the approval of one of the guarantors, and that the other, who did not take part in the approval thereof, made no disclaimer of liability while the purchases were being made on that basis.
In this instance the equivocation presented appears to fall into the third category known as an intermediate ambiguity, which it is recommended in law should be treated as a latent ambiguity, permitting admission of extrinsic evidence for its resolution. In 22 C.J., Evidence § 1596, it is said: "It has been suggested that those cases in which the words all are sensible and have a settled meaning, but at the same time consistently admit of two interpretations according to the subject matter in the contemplation of the parties, constitute an intermediate class partaking of the nature both of patent and latent ambiguities, and in such case evidence ought to be admitted showing the circumstances under which the contract was made and the subject matter to which the parties refer." Similarly, in 32A C.J.S. Evidence § 961 c, it is stated: "The ambiguities existing in those cases in which the words are all sensible and have a settled meaning but consistently admit of two interpretations according to the subject matter in the contemplation of the parties have been called intermediate. * * * It has been said, however, that the difficulty is more easily solved by assigning this character of cases to the class of latent ambiguities, which will reconcile many apparently conflicting statements of the rule."
We regard the ambiguity to be latent, for the reason just stated and because it has been held that "a latent ambiguity may exist from the terms of the instrument itself, as, for example, where a writing is capable of two constructions, both of which are in harmony with the language used." See 32A C.J.S. Evidence § 961, p. 432.
It is well established that in construing a contract the leading object is to ascertain and effectuate the intent of the parties. Where, under a latent ambiguity which is presented the intent may have been for one of two things, it is permissible, and is the duty of the court to receive and consider extrinsic evidence bearing thereon. This may include evidence of the circumstances surrounding the parties and of the purpose and object to be obtained, and declarations of intent, or bearing on their intent, made by the parties *548 prior to or at the time of the execution of the instrument,[1] and evidence as to the interpretation which the parties may appear to have placed thereon by their actions and the manner of their dealings thereunder.
In construing such a contract the interpretation thereof by the parties as shown by their actions in relation thereto is accorded considerable weight. In Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284, 295 (1935), the Supreme Court said: "This court is committed to the doctrine that where the terms of a written contract are in any respect uncertain or doubtful and the parties thereto have by their conduct placed a construction upon the contract which is reasonable, such construction will be adopted by the court upon the principle that it is the duty of the court to give effect to the intention of the parties where it is not wholly at variance with the principles of correct legal interpretation of the terms of the contract." See also Sahlberg v. J.A. Teague Furniture Co., 100 Fla. 972, 130 So. 432 (1930); Durham Tropical Land Corp. v. Sun Garden Sales Co., 106 Fla. 429, 138 So. 21, 143 So. 758, 151 So. 327 (1931); Consolidated Development and Eng. Corp. v. Ortega Co., 117 Fla. 438, 158 So. 94, 97 (1933); Pembroke Park Lanes, Inc. v. High Ridge Water Co., 186 So.2d 85 (Fla. App. 1966); Bennett v. Williams, 149 Fla. 4, 5 So.2d 51 (1941).
In Holmes v. Kilgore, 89 Fla. 194, 103 So. 825, 827 (1925), the Court said:
"All contracts must be given a reasonable interpretation according to the intention of the parties at the time of executing them, if that intention can be gleaned from the language of the contracts. Where the language of a contract is contradictory, obscure, or ambiguous, or where its meaning is doubtful so that it is susceptible of two constructions, one of which makes it fair, customary, and such as a prudent man would naturally execute, while the other makes it inequitable, unnatural, or such as a reasonable man would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred. If one construction would make it unreasonable, while another would do justice to both parties, the latter will be adopted. 6 R.C.L. 841, 849."
In the interpretation of doubtful or disputed meaning of a contract, the emphasis which is given to the practical interpretation thereof by the parties in proceeding thereunder is emphasized by the repeated holdings to that effect, by the Florida decisions as cited above and the numerous decisions of the United States Court of Appeals for the Fifth Circuit so holding with reference to cases originating in Florida. Glades County, Fla. v. Detroit Fidelity & Surety Co., 57 F.2d 449 (5th Cir.1932); Vans Agnew v. Fort Myers Drainage Dist., 69 F.2d 244 (5th Cir.1934); Barnett v. West Const. Co., 69 F.2d 266 (5th Cir.1934); Franklinville Realty Co. v. Arnold Const. Co., 120 F.2d 144 (5th Cir.1941); Bruce v. McClure, 220 F.2d 330 (5th Cir.1955); Pickren v. United States, 378 F.2d 595 (5th Cir.1967); Northwest Acceptance Corp. v. Heinicke Instruments Co., 441 F.2d 887 (5th Cir.1971).
On considering the evidentiary matter that was before the court, on the motions for summary judgment relating to the defendant McSwain, in light of the applicable law, we are unable to agree with the conclusion reached by the able trial judge that the defendant McSwain established the absence of genuine issues of material fact on the question of his liability under the guaranty for payment of the *549 amount due the plaintiff on said open account. McSwain's after the fact self-serving statement of his understanding of the intent in this connection, as distinguished from evidence in the form of a declaration of intent by the parties made prior to or at the time of the execution of the guaranty instrument, was lacking in probative force and was not binding on the opposing party. Triable issues were presented bearing on the meaning of the guaranty instrument with relation to the liability vel non of McSwain thereunder, in the circumstances disclosed.
For the reasons stated, we affirm the trial court's denial of the plaintiff's motion for summary judgment against McSwain, and reverse the summary judgment entered in favor of the defendant McSwain, and remand the cause for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.
RAWLS, C.J., and WIGGINTON, J., concur.
NOTES
[1] "Parol or extrinsic evidence of the understanding of the parties in respect to the construction of a written instrument is usually held admissible to explain that which would otherwise be ambiguous, and for this purpose evidence of declarations of a party made previous to, or at the time of, signing the contract is admissible. * * * The understanding which one party to a contract has of its meaning is not evidence in his own favor and against the other party, to whom such understanding was not communicated, where the effect of the contract is in controversy. * * *" 22 C.J., Evidence § 1591.