BLUE, Judge.
Robert A. Blazina and Blazina Investment Corporation appeal the final judgment adversely affecting their easement rights over the property of William G. and Kathryn L. Crane. The final judgment contains factual findings that are not supported by the record and we are unable to determine from the record whether the trial court would have reached the same decision without reliance on these unsupported findings. Therefore, we reverse and remand for a new trial.
The Cranes own a home in Lee County, Florida, that fronts on the Gulf of Mexico. When they purchased this property, it was burdened with a two-foot easement along the northerly property line — for ingress and egress to the beach. The Cranes purchased the property from Mr. and Mrs. Peck, who owned and retained property abutting the Cranes’ parcel. The property retained by the Pecks was directly east of the Cranes, leaving the Pecks’ property separated from the water by the Cranes’ property.
When the Pecks sold the parcel to the Cranes, they contracted for and obtained an easement over the Cranes’ land. The easement ran from the Pecks’ property line to the seawall on the gulf. The easement lays along the Cranes’ northerly property line, and covers the already existing two-foot easement. The description of the easement began at the seawall and was twelve-feet wide for the first twenty-five feet. The easement then narrowed to four feet as it continued along the Cranes’ property line until in ended at the Pecks’ property line.
Robert A. Blazina is the present owner of the “Peck” property. It is unquestioned that Blazina, as successor in title to the Peck property, is entitled to the continued enjoyment of the easement. The extent to which Blazina is entitled to enjoy the easement was the primary issue before the trial court.
The Cranes filed suit contending the easement was limited to ingress and egress between the Peck property and the water, and if any further uses were permitted, then Blazina’s alleged abuses of the easement entitled the Cranes to a judgment limiting the easement to ingress and egress only. Blazi-na contends the twelve by twenty-five foot area adjoining the seawall was made part of the easement to create a sitting area to allow the Peck property owner to enjoy the waterfront.
The trial testimony regarding the intended use of the easement was highly contested. Mr. Blazina, Mr. Peck, and the attorney who represented the Pecks at the closing with the Cranes testified in support of the “sitting area” easement. The Cranes, Mrs. Crane’s father, and the Cranes’ attorney at the closing testified in support of the ingress and egress only limitation. The trial court ruled in favor of the Cranes, concluding, “Defendants and their guests have violated the ex *983 press terms of the easement by stopping, picnicking, congregating, sitting, and otherwise assembling within the confines of the easement.”
On appeal, Blazina argues that the trial court erred in permitting parol evidence. Blazina contends that the easement document contains a patent ambiguity and Florida law does not permit parol evidence when an instrument contains a patent as opposed to latent ambiguity. His legal argument is correct. See Ace Electric Supply Co. v. Terra Nova Electric, Inc., 288 So.2d 544 (Fla. 1st DCA 1973). We disagree, however, with Blazina’s contention that the easement document contains a patent ambiguity. The trial judge correctly determined that the ambiguity was latent and therefore properly allowed parol evidence to explain the parties’ intent. See Crown Management Corp. v. Goodman, 452 So.2d 49 (Fla. 2d DCA 1984).
Nonetheless, we are required to reverse and remand for a new trial. The final judgment contains factual findings, some of which are unsupported by the record on appeal. For example, there is no record support for the trial court’s finding of fact that there had been littering within and outside the easement. Additionally, contrary to the finding of fact, there was no evidence that the intensity of the use of the easement had diminished the value of the Cranes’ property. Nor was there any evidence to support the trial court’s finding that Blazina had unlawfully used the Cranes’ personal property. Although there is competent evidence to support the trial court’s ruling, there is also competent evidence to support Blazina’s position. We are unable to determine whether it was the unsupported factual findings that “tipped the scales” in favor of the Cranes. Therefore, we reverse and remand for a new trial.
PATTERSON, A.C.J., and ALTENBERND, J., concur.