BROWNING, J.
First Coast Community Bank (FCCB) appeals from an Amended Final Judgment *363 of Foreclosure. FCCB alleges three grounds for reversal, and we find that one of the grounds has merit, is dispositive, and removes any necessity for addressing the remaining grounds.

FACTS

Cheshire Contractors owned a piece of real estate, and executed a mortgage to FCCB on that property in 1994 to secure a $155,000 promissory note. Between 1996 and 1998, Anne Coonrod (Coonrod) made several loans to Cheshire Contractors totaling $46,900. In 1998, Cheshire Contractors gave a mortgage to Coonrod on the property previously mortgaged to FCCB to secure a $45,000 promissory note.
In January 1999, FCCB filed a complaint seeking to foreclose on its mortgage and to receive payment on the note. FCCB later amended the complaint to add Coonrod as an additional defendant on the grounds that she had a subordinate interest in the property. Coonrod filed an answer and counterclaim seeking payment from Cheshire Contractors or foreclosure on her subordinate mortgage. After a hearing, the trial court entered a final judgment of foreclosure in favor of FCCB and ordered a public sale of the property. The final judgment provided that the principal amount secured by the FCCB mortgage was $28,000, and that Coonrod’s mortgage was a valid second mortgage subordinate to that amount only rather than to the $155,000 promissory note as claimed by FCCB. Appellant’s motion to stay the foreclosure sale was granted and this appeal ensued.

ANALYSIS

The trial court premised its final judgment on the finding that only $28,000 was secured by FCCB’s mortgage because, for intangible tax purposes, FCCB declared the fair market value of the mortgaged premises to be $28,000.
There is patent ambiguity on the face of the FCCB mortgage, which says in one part, in typewritten terms, “the amount of the loan considered to be secured by this real property is $28,000,” and in another, in printed terms, “this instrument is given to secure the payment of a promissory note dated January 28, 1994, in the principal sum of $155,000,” with the date and the amount typewritten into blanks. Because the ambiguity is patent, no parol or extrinsic evidence is admissible as to the intent of the contract. See, e.g., Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1973). It is true that typewritten language trumps printed language. See § 673.1141, Fla. Stat. (1994). However, the typewritten date and amount in the latter phrase put it on equal footing with the former phrase. The correct interpretation of the mortgage is that the $28,000 amount was noted on the face of Appellant’s mortgage for declaring the amount due for nonrecurring intangible tax purposes only, which, the document reveals, was paid in the amount of $56 under section 199.282(5), Florida Statutes^ — the correct amount due for a $28,000 statement of market value.
Section 199.282(5) does not limit recovery in foreclosure to the amount on which the non-recurring intangible tax was paid. § 199.282(5), Fla. Stat. (2002). This section dictates that the mortgage is not enforceable until all the proper taxes have been paid. Any deficiency in the tax is a matter for governmental enforcement and not a limitation on the amount secured as erroneously determined by the trial court. The required taxes on a mortgage are set by other statutes, such as section 199.133, Florida Statutes, without limitation as to the amount. The nonrecurring tax of two mills per dollar is a one-time payment, and *364 it is limited to the value of the real property without any limitations on the amount actually secured by a mortgage. Here, at the time the mortgage was agreed upon, the value of the property was $28,000, and the proper tax was paid on that amount.
This interpretation of the statutes is in line with the expert testimony that nothing in chapter 199 precludes FCCB from foreclosing its mortgage securing an outstanding principal sum greater than $28,000. Further, it is in accord with the parties’ intent. FCCB’s witnesses testified without objection that it was not their intent to limit recovery to $28,000. Neither of Cheshire Contractors’s representatives testified that the property secured any particular amount of the loan.
Because the trial court erred, we REVERSE the trial court’s Amended Final Judgment of Foreclosure and REMAND for entry of a final judgment of foreclosure for the unpaid amount plus attorney’s fees, costs, and insurance, if any, due under Appellant’s $155,000 promissory note.
WOLF, C.J., and HAWKES, J., concur.